IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 SEP 14  P 12: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KEITH BRASWELL, ANTHONY SMILEY, SR., and RODERICK UNDERWOOD, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD ALLEN, individually and in his capacity as Commissioner of the Alabama Department of Corrections, and CHARLES HADLEY, individually and in his capacity as Warden of the Red Eagle Honor Farm, <br><br> Defendants. | Civil Case No. 2:07-CV-833-MEF <br> PLAINTIFFS DEMAND TRIAL BY JURY |

## COMPLAINT

COMES NOW Plaintiffs, by and through their attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiffs file this Complaint and invoke the jurisdiction of this Court under and by virtue of the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendants violated Plaintiffs' rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

1

2. The violations of Plaintiffs' rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

## PARTIES

3. Plaintiff Keith Braswell (hereinafter, "Braswell") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

4. Plaintiff Anthony Smiley, Sr. (hereinafter, "Smiley") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

5. Plaintiff Roderick Underwood (hereinafter, "Underwood") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

6. Defendant Richard Allen (hereinafter, "Allen") is, to the best of Plaintiffs' knowledge and belief, over the age of 19 years and is and at all times material hereto was a citizen of the United States and the State of Alabama. Allen is being sued in his official capacity as Commissioner of the Alabama Department of Corrections (hereinafter, "the Department") for prospective injunctive relief and in his individual capacity for money damages. The Department is an agency of government of the State of Alabama sited in Montgomery County, Alabama.

7. Defendant Charles Hadley (hereinafter, "Mr. Hadley") is, to the best of Plaintiffs' knowledge and belief, over the age of 19 years and is and at all times material hereto was

a citizen of the United States and the State of Alabama. Mr. Hadley is being sued in his official capacity as Warden of the Red Eagle Correctional Institute (hereinafter, "Red Eagle") for prospective injunctive relief and in his individual capacity for money damages.

## NATURE OF PROCEEDINGS

8. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for injunctive and declaratory relief and compensatory and punitive damages for Plaintiffs' suffering as a consequence of the wrongs alleged herein.

## FACTS

9. Plaintiffs expressly adopt as if fully set forth herein the allegations in the foregoing paragraphs.

10. Plaintiffs were employed prior to the incidents alleged herein by the Department.

11. Plaintiff Smiley worked under the immediate supervision of Defendant Hadley. Plaintiffs Braswell and Underwood worked under the immediate supervision of Smiley. Hadley, as the Warden of Red Eagle, is the person who ultimately approved the adverse employment actions against Plaintiffs.

12. On or around March 26, 2006, Hadley authorized Smiley to work the third (3rd) shift as the "shift commander" which began at 10:00 pm and ended at 6:00 am to relieve another employee, Donnie Brown. Smiley arrived for duty at 10:00 pm and worked until 6:00 am on March 27, 2006 as authorized by Hadley.

13. On or around March 27, 2006 and after completing his shift as "shift commander,"

Smiley began his regular job as ICS Supervisor. Smiley's shift began at 6:00 am and ended at 2:00 pm.

14. However, an off-site incident involving an inmate required Smiley's assistance. This incident caused Smiley to work an additional one (1) hour and forty-five (45) minutes during his regular shift.

15. On March 26th and 27th of 2006, Smiley worked eight (8) hours as a third (3rd) "shift commander" and nine (9) hours and forty-five (45) minutes as an ICS Supervisor for a total of seventeen (17) hours and forty-five (45) minutes.

16. Aware of the administrative regulation which states that an employee cannot work in excess of sixteen (16) hours in any given twenty-four (24) hour period, Smiley was confused and concerned about the proper method to record his time. As a result, Smiley entered his time as sixteen (16) hours in lieu of seventeen (17) hours and forty-five (45) minutes.

17. Smiley attempted to resolve the aforesaid issue by visiting the business office. However, the business office failed to and/or was incapable of providing Smiley with proper instructions.

18. After several good faith and exhaustive attempts to resolve his confusion, Smiley chose to go back and change his time to seventeen (17) hours and forty-five (45) minutes so that he would be compensated for this additional time.

19. The following day Smiley concluded his regular shift at 12:15 pm in order to prevent accumulating any hours for which over-time pay would be required. Smiley notified Debra Bates, Hadley's secretary, that Smiley was leaving early and the reason therefor.

However, Smiley is without knowledge of whether Bates relayed his message to Hadley.

20. As a result of the foregoing incident, Hadley accused Smiley of falsifying time sheets.

21. At Smiley's request, an administration hearing was held on or around May 23, 2006 regarding Hadley's accusation. Smiley was not given the opportunity to have others present statements and / or have others testify on his behalf. Plaintiffs Braswell and Underwood, along with coworkers Donnie Brown and Mack Williams, prepared statements / and or were prepared to testify at this administration hearing.

22. On or around June 23, 2006, Hadley demanded that Smiley and Underwood report to Hadley's office. During this meeting, Hadley advised Underwood that Underwood's statements in support of Smiley and against Hadley were unfounded and that the recommended course of action was dismissal. After attempting to suspend and/or reprimand Underwood, Hadley directed him to report to Staton Correctional Facility for duty at 8:00 am on the following Monday. Hadley told Smiley to escort Underwood from Red Eagle's premises and to retrieve all state property in Underwood's possession.

23. Immediately after the incident described in the paragraph above, Hadley demanded that Smiley and Braswell report to Hadley's office. During this meeting, Hadley advised Braswell that Braswell's statements in support of Smiley and against Hadley were unfounded and that the recommended course of action was dismissal. After attempting to suspend and/or reprimand Braswell, Hadley directed him to report to Draper Correctional Facility for duty at 8:00 am on the following Monday. Hadley told Smiley to escort Braswell from Red Eagle's premises and to retrieve all state property in Braswell's possession.

24. Hadley stated to Smiley that these incidents, described in paragraphs twenty-two (22) and twenty-three (23) above, were a result of the statements prepared by Braswell and Underwood for presentation at the May 23, 2006 administrative hearing. Hadley also stated to Smiley that he was looking into a course of action against Smiley for the statements of Underwood and Braswell.

25. Immediately subsequent to the incidents described herein, Smiley's employment evaluations were unjustly lowered which in turn has diminished the likelihood of Smiley being promoted.

26. Plaintiffs are black males. Other similarly situated white employees and/or coworkers who gave statements in support of Smiley and against Hadley were not dismissed, transferred, and/or unjustly evaluated.

27. Plaintiffs have suffered loss of their jobs, loss of income, loss of promotions, and loss of continued opportunities for job advancement. They have suffered severe emotional distress and mental anguish, embarrassment, humiliation, and loss of enjoyment of living.

28. Plaintiffs have fulfilled all conditions precedent to the filing of this action.

## CAUSES OF ACTION

29. As to each of the counts herein below set forth, Plaintiffs expressly adopt as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

30. At all times material hereto, Defendants were in fact carrying out policies and customs of the State.

31. Plaintiffs had a protectible interest in their jobs and a protectible interest in the freedom to

perform their jobs. Plaintiffs were subjected to a deprivation of the property right they had in their job, and that deprivation was due to invidious race-based discrimination on the part of Defendants.

32. Smiley was subjected to a deprivation of his rights enumerated above as a result of him reporting incidents of misconduct by Hadley, a white individual. Braswell and Underwood were subjected to a deprivation of their rights enumerated above as a result of retaliation for having submitted statements in support of Smiley and against Hadley, a white individual.

33. Plaintiffs are black males and as such they are members of a protected group.

34. Unlike similarly situated coworkers, Plaintiffs were dismissed, transferred, and/or received unjust employment evaluations.

35. The said conduct was because of Plaintiffs' race, black.

36. The aforementioned constitutional and statutory rights were clearly established at the time of the conduct giving rise to the claims herein.

37. Any reasonable public official knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

38. Plaintiffs have been injured and damaged thereby.

39. Plaintiffs are entitled to recover by way of 42 U.S.C. § 1983, as it subsumes 42 U.S.C. § 1981.

## COUNT II – RACE DISCRIMINATION UNDER TITLE VII

40. Plaintiffs are black males and as such are members of a protected group.

41. As a result of and subsequent to the incidents alleged herein, Smiley has unjustly received

poor employment evaluations and had the opportunity of receiving promotions diminished and/or eliminated.

42. As a result of and subsequent to the incidents alleged herein, Braswell and Underwood have been demoted, dismissed and/or transferred to another facility.

43. Defendants took adverse employment actions against Plaintiffs, however Defendants did not take the same adverse employment actions against similarly situated white employees and/or coworkers.

44. As a result of the incidents alleged herein, Plaintiffs were subjected to disparate and adverse treatment to which members of non-protected groups were not subjected.

45. Smiley was constructively discharged from his job as conditions had become so intolerable that a reasonable person in Smiley's position would have found it impossible to continue to perform his job.

46. Braswell and Underwood were either dismissed, transferred, suspended and/or otherwise reprimanded in retaliation for their statements in support of Smiley and against Hadley.

47. Plaintiffs have been injured and damaged thereby.

**PRAYER FOR RELIEF**

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs pray for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourteenth Amendment to the United States Constitution, as addressed by and through 42 USC.A § 1983;

b) Grant compensatory damages, in an amount yet to be ascertained, in favor of Plaintiffs as against Hadley in his individual capacity, or in the alternative,

nominal damages;

c) Grant punitive damages, in an amount yet to be ascertained, in favor of Plaintiffs as against Hadley in his individual capacity or, in the alternative, nominal damages;

d) For violation of Title VII of the Civil Rights Act of 1964, grant compensatory damages, in an amount yet to be ascertained, in favor of Plaintiffs as against the Department, in the alternative, nominal damages;

e) Grant Plaintiffs such equitable relief as would effectuate the purpose of the statutes invoked, including back pay, back benefits, accrued leave and, as against Hadley in his official capacity, reinstatement or, in lieu of reinstatement, a reasonable sum of money for front pay;

f) Grant Plaintiffs the cost of this action including reasonable attorneys' fees;

g) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED this 14th day of September, 2007.

_/s/ K. Anderson Nelms_
K. Anderson Nelms
Attorney for Plaintiffs
Law Offices of Jay Lewis, LLC
847 So. McDonough Street, Suite 100
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
andynelms@jaylewislaw.com
ASB-6972-E63K

9

**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36130-1501

Charles Hadley
1290 Red Eagle Road
Montgomery, AL 36110

**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36130-1501

Charles Hadley
1290 Red Eagle Road
Montgomery, AL 36110

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000446
Cashier ID: cstrecke
Transaction Date: 09/14/2007
Payer Name: ANDERSON NELMS AND ASSOC LLC
------------------------------------
CIVIL FILING FEE
 For: ANDERSON NELMS AND ASSOC LLC
 Case/Party: D-ALM-2-07-CV-000833-001
 Amount:        $350.00
------------------------------------
CHECK
 Remitter: ANDERSON NELMS & ASSOCIATES
 Check/Money Order Num: 1109
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```

DALM207CV000833-MEF

BRASWELL ET AL V ALLEN ET AL

ANDERSON NELMS & ASSOCIATES LLC

P O BOX 5059
MONTGOMERY, AL  36103