IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH BRASWELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. 2:07-CV-833 |
| v. | ) |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT ALLEN'S ANSWER TO THE COMPLAINT

Comes now Richard Allen, and files this answer to the Complaint as follows. (Defendant Hadley no longer works for the Alabama Department of Corrections; therefore ADOC can not accept service of the complaint for him).

1. Defendant Allen would deny paragraph 1 as to jurisdiction in that the Plaintiffs have not met the prerequisites of 42 U.S.C §1981, §1983, 28 U.S.C. §1331, §1343, §2201, and §2202, and demands the strict proof thereof.

2. As to paragraph 2, Defendant Allen denies that any violations occurred, and demand the strict proof thereof. Defendant Allen admits that Red Eagle Honor Farm is located in Montgomery County, Alabama.

3. Defendant Allen is without sufficient knowledge so as to admit or deny the Plaintiffs' age, citizenship, and residence as alleged in paragraphs 3 through 5.

4. Defendant Allen admits paragraph 6.

5. Defendant Allen denies the Hadley is the Warden of Red Eagle Honor Farm as alleged in paragraph 7 and demands the strict proof thereof.

6. Defendant Allen contends that paragraph 8 does not require an admission nor a denial.

7. Defendant Allen denies paragraphs 9 through 39, and demands the strict proof thereof.

8. Defendant Allen alleges that the Plaintiffs have not met the prerequisites of Title VII, 42 U.S.C. § 2000e, et seq., and demands the strict proof thereof.

9. Defendant Allen denies paragraphs 40 through 47, and demands the strict proof thereof.

10. Defendant Allen denies that the Plaintiffs are entitled to any relief and demands the strict proof thereof.

## **DEFENSES**

Defendant Allen contends that the complaint is not maintainable under Title VII unless and until the Plaintiffs demonstrate satisfaction of each and all of the prerequisites to file suit under such Act.

Defendant Allen alleges that the complaint is not maintainable as to any event or alleged event occurring more than 180 days prior to filing of the EEOC charge or charges on which the complaint is based.

Defendant Allen alleges that the complaint is not maintainable under Title VII against any person or entity not named as a respondent in the EEOC charge or charges on which the complaint is based.

Defendant Allen alleges that no punitive damages are allowable against a governmental entity or its agents under Title VII, as amended and is limited to the monetary caps provided by

Title VII.

Defendant Allen alleges that the Plaintiffs are not entitled to claim compensatory or punitive damages under Title VII as they have asserted a cause of action under 28 U.S.C. § 1331.

Defendant Allen alleges that the complaint fails to state a claim upon which relief can be granted under Title VII, 42 U.S.C. § 2000e.

Defendant Allen alleges that the Plaintiffs have failed to state a claim upon which a 42 U.S.C. §1981 or §1983 action can be maintained.

Defendant Allen alleges that at least part of the Plaintiffs' claims are based upon the theory of respondeat superior and cannot be maintained under 42 U.S.C. §1981 or §1983.

Defendant Allen pleas the general defense.

Defendant Allen alleges that he is entitled to qualified immunity against the claims of the Plaintiffs.

Defendant Allen alleges that he is entitled to absolute immunity against the claims of the Plaintiffs.

Defendant Allen alleges that the Plaintiffs have suffered no legal loss or damage as a result of his action or inaction.

Defendant Allen alleges that he is entitled to Eleventh Amendment Immunity.

Defendant Allen alleges that he is entitled to Article I, § 14 immunity of the Alabama Constitution.

Defendant Allen alleges that he is entitled to state agent immunity fir all state law claims.

Defendant Allen alleges that there is no respondeat superior liability under any of these causes of action.

Defendant Allen alleges that the complaint fails to state a cause of action upon which relief

can be granted.

Defendant Allen asserts the Mt. Healthy defense.

Defendant Allen alleges that the Plaintiffs have not properly filed a complaint under Title VII, § 2000e.

Defendant Allen reserves the right to amend his defenses, including affirmative defenses, upon the receipt of information obtained through discovery or otherwise.

Defendant Allen alleges that the Plaintiffs have failed to meet the requirements under Title VII, and therefore cannot maintain a cause of action under Title VII, and therefore this Court is without jurisdiction in this matter.

Defendant Allen alleges that any decision he made in this situation was based upon a non-discriminatory reason(s).

Defendant Allen alleges that Plaintiffs' claims of discrimination are insufficient under Title VII, and/or §§ 1981 and 1983.

Respectfully submitted,

/s/ Kim T. Thomas
Kim T. Thomas
General Counsel
Deputy Attorney General

**ADDRESS OF COUNSEL**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## Certificate of Service

I do hereby certify that on the 25th of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

K. Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
Attorney for the Plaintiffs
847 South McDonough Street, Suite 100
Montgomery, AL 36104

/s/Kim T. Thomas
General Counsel
Deputy Attorney General