IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH BRASWELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. 2:07-CV-833 |
| v. | ) |
| | ) |
| RICHARD HADLEY, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT HADLEY'S ANSWER TO THE COMPLAINT

Comes now Charles Hadley, and files this answer to the Complaint as follows.

1.  Defendant Hadley would deny paragraph 1 as to jurisdiction in that the Plaintiffs have not met the prerequisites of 42 U.S.C §1981, §1983, 28 U.S.C. §1331, §1343, §2201, and §2202, and demands the strict proof thereof.

2.  As to paragraph 2, Defendant Hadley denies that any violations occurred, and demand the strict proof thereof. Defendant Hadley admits that Red Eagle Honor Farm is located in Montgomery County, Alabama.

3.  Defendant Hadley is without sufficient knowledge so as to admit or deny the Plaintiffs' age, citizenship, and residence as alleged in paragraph 3.

4.  Defendant Hadley is without sufficient knowledge so as to admit or deny the Plaintiffs' age, citizenship, and residence as alleged in paragraph 4.

5.  Defendant Hadley is without sufficient knowledge so as to admit or deny the Plaintiffs' age, citizenship, and residence as alleged in paragraph 5.

6.  Defendant Hadley admits paragraph 6.

7. Defendant Hadley admits that he is over 19 years old and a citizen of the United States and State of Alabama. Defendant Hadley denies that he is the Warden of Red Eagle Honor Farm as alleged in paragraph 7 and demands the strict proof thereof.

8. Defendant Hadley contends that paragraph 8 does not require an admission or a denial.

9. Defendant Hadley contends that paragraph 9 does not require an admission or a denial.

10. Defendant Hadley admits.

11. Defendant Hadley admits that Plaintiff Smiley worked under Defendant Hadley's direct supervision. Defendant Hadley denies all other aspects of paragraph 11 and demands strict proof thereof.

12. Defendant Hadley denies paragraph 12 and demands strict proof thereof.

13. Defendant Hadley denies paragraph 13 and demands strict proof thereof.

14. Defendant Hadley denies paragraph 14 and demands strict proof thereof.

15. Defendant Hadley denies paragraph 15 and demands strict proof thereof.

16. Defendant Hadley denies paragraph 16 and demands strict proof thereof.

17. Defendant Hadley denies paragraph 17 and demands strict proof thereof.

18. Defendant Hadley denies paragraph 18 and demands strict proof thereof.

19. Defendant Hadley denies paragraph 19 and demands strict proof thereof.

20. Defendant Hadley denies paragraph 20 and demands strict proof thereof.

21. Defendant Hadley denies paragraph 21 and demands strict proof thereof.

22. Defendant Hadley denies paragraph 22 and demands strict proof thereof.

23. Defendant Hadley denies paragraph 23 and demands strict proof thereof.

24. Defendant Hadley denies paragraph 24 and demands strict proof thereof.

25. Defendant Hadley denies paragraph 25 and demands strict proof thereof.

26. Defendant Hadley denies paragraph 26 and demands strict proof thereof.

27. Defendant Hadley denies paragraph 27 and demands strict proof thereof.

28. Defendant Hadley denies paragraph 28 and demands strict proof thereof.

29. Defendant Hadley alleges that the Plaintiffs have not met the prerequisites of Title VII, 42 U.S.C. § 2000e, et seq., and demands the strict proof thereof.

30. Defendant Hadley denies paragraphs 30 through 47, and demands the strict proof thereof.

31. Defendant Hadley denies that the Plaintiffs are entitled to any relief and demands the strict proof thereof.

## DEFENSES

Defendant Hadley contends that the complaint is not maintainable under Title VII unless and until the Plaintiffs demonstrate satisfaction of each and all of the prerequisites to file suit under such Act.

Defendant Hadley alleges that the complaint is not maintainable as to any event or alleged event occurring more than 180 days prior to filing of the EEOC charge or charges on which the complaint is based.

Defendant Hadley alleges that the complaint is not maintainable under Title VII against any person or entity not named as a respondent in the EEOC charge or charges on which the complaint is based.

Defendant Hadley alleges that no punitive damages are allowable against a governmental entity or its agents under Title VII, as amended and is limited to the monetary caps provided by

Title VII.

Defendant Hadley alleges that the Plaintiffs are not entitled to claim compensatory or punitive damages under Title VII as they have asserted a cause of action under 28 U.S.C.§ 1331.

Defendant Hadley alleges that the complaint fails to state a claim upon which relief can be granted under Title VII, 42 U.S.C. § 2000e.

Defendant Hadley alleges that the Plaintiffs have failed to state a claim upon which a 42 U.S.C.§1981 or §1983 action can be maintained.

Defendant Hadley alleges that at least part of the Plaintiffs' claims are based upon the theory of respondeat superior and cannot be maintained under 42 U.S.C. §1981 or §1983.

Defendant Hadley pleas the general defense.

Defendant Hadley alleges that he is entitled to qualified immunity against the claims of the Plaintiffs.

Defendant Hadley alleges that he is entitled to absolute immunity against the claims of the Plaintiffs.

Defendant Hadley alleges that the Plaintiffs have suffered no legal loss or damage as a result of his action or inaction.

Defendant Hadley alleges that he is entitled to Eleventh Amendment Immunity.

Defendant Hadley alleges that he is entitled to Article I, § 14 immunity of the Alabama Constitution.

Defendant Hadley alleges that he is entitled to state agent immunity fir all state law claims.

Defendant Hadley alleges that there is no respondeat superior liability under any of these causes of action.

Defendant Hadley alleges that the complaint fails to state a cause of action upon which relief can be granted.

Defendant Hadley asserts the Mt. Healthy defense.

Defendant Hadley alleges that the Plaintiffs have not properly filed a complaint under Title VII, § 2000e.

Defendant Hadley reserves the right to amend his defenses, including affirmative defenses, upon the receipt of information obtained through discovery or otherwise.

Defendant Hadley alleges that the Plaintiffs have failed to meet the requirements under Title VII, and therefore cannot maintain a cause of action under Title VII, and therefore this Court is without jurisdiction in this matter.

Defendant Hadley alleges that any decision he made in this situation was based upon a non-discriminatory reason(s).

Defendant Hadley alleges that Plaintiffs' claims of discrimination are insufficient under Title VII, and/or §§ 1981 and 1983.

Respectfully submitted,

/s/ Kim T. Thomas

Kim T. Thomas
General Counsel
Deputy Attorney General

/s/ Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney General

/s/ Tara S. Knee
Tara S. Knee
Assistant Attorney General
Assistant General Counsel

**ADDRESS OF COUNSEL**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

### Certificate of Service

I do hereby certify that on the 21st day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

    K. Anderson Nelms, Esq.
    Law Offices of Jay Lewis, LLC
    Attorney for the Plaintiffs
    847 South McDonough Street, Suite 100
    Montgomery, AL  36104

                                        /s/Tara S. Knee
                                        Assistant General Counsel
                                        Assistant Attorney General