PDF
Complete

Click Here & Upgrade
Expanded Features
Unlimited Pages

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **KEITH BRASWELL, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | ) **CIVIL ACTION NO. 2:07-CV-833** |
| **RICHARD ALLEN, et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**EVIDENTIARY MATERIAL FILED IN SUPPORT OF DEFENDANT'S MOTION**
**FOR SUMMARY OF JUDGMENT**

COMES NOW Defendants, Richard Allen, Commissioner of the Alabama Department of Corrections and Charles Hadley, Former Warden at Red Eagle Honor Farm, to submit the following evidentiary materials in support of Defendant's Motion for Summary of Judgment:

1. Sgt. Smiley's rebuttal letter
2. Sgt. Smiley's 2006/2007 Annual Appraisal
3. Sgt. Smiley's Annual Increase in Pay (two-step raise), dated March 8, 2007.
4. Braswell's written statement, RE: Warden Hadley
5. Investigative Report, dated June 13, 2006, RE: Warden Hadley
6. Memorandum, RE: 20 Days Suspension & Administrative Hearing, Scheduled for October 19, 2006.
7. Underwood's Statement,
8. Commissioner's Directed Transfer, Dated June 22, 2006, RE: Roderick Underwood
9. Memorandum, RE: Underwood's 10 Days Suspension & Administrative Hearing, Scheduled for October 19, 2006
10. Commissioner's Letter of Suspension, Dated January 9, 2007, RE: Roderick Underwood
11. Commissioner's Letter of Suspension, Dated April 9, 2007, RE: Keith Braswell

12. U.S. Department of Justice letter, Dated June 4, 2007, RE: Underwood and Braswell

13. U.S. Equal Employment Opportunity Commission Notice of Rights, Filed on 8/1/2007, RE: Anthony Smiley, Sr.

14. U.S. Department of Justice, Notice of Right to Sue, Dated June 4, 2007, RE: Keith Braswell

15. U.S. Department of Justice, Notice of Right to Sue, Dated June 4, 2007, RE: Roderick Underwood

16. Warden Charles Hadley, Notice of Recommendation for Suspension, RE: Keith Braswell

17. Commissioner's Directed Transfer, Dated June 22, 2006, RE: Keith Braswell

18. Warden Charles Hadley, Notice of Recommendation for Suspension, RE: Roderick Underwood

19. Administrative Hearing, Roderick Underwood

20. EEOC COMPLAINT, Roderick Underwood

21. EEOC COMPLAINT, Anthony Smiley

22. EEOC COMPLAINT, Keith Braswell

23. Administrative Regulation 206

24. Administrative Regulation 208

Respectfully submitted,

Kim T. Thomas (THO115)
General Counsel

/s/ Bart Harmon
Bart Harmon (HAR127)
Assistant General Counsel

**OF COUNSEL**:
Alabama Department of Corrections
Legal Division
P. O Box 301501
Montgomery, Alabama 36130
PHONE: (334) 353-4859
FAX: (334) 353-3891

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF
Complete

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

K. Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
Attorney for the Plaintiffs
847 South McDonough Street, Suite 100
Montgomery, AL 36104

/s/ Bart Harmon
Bart Harmon (HAR127)
Assistant General Counsel

# EXHIBIT 1

Sgt. Smiley's rebuttal letter

On 3-26-06 I worked overtime on 3rd Shift in order for Sgt. Lynn Jackson to be on her regular off days because Lt. Donnie Brown was on approved leave. This shift began at 10:00 pm on 3-27-06 and ended at 6:00 am . On March 7, 2006 at 6:00am, I had to work and conduct my ICS duties from 6:00am until 2:00pm, I had to add two inmates Larry Ford BM AIS#174436 and Terral Goodrum WM AIS#242243 to the 2nd ACI SPECIAL PROJECT for lead abatement training in Mobile, AL. I wrote in the pass on book in the shift office that day of 3-27-06 to take inmates Goodrum and Ford to Kilby for blood work for the lead paint project. I had to take this action to get both inmates over to Kilby during the downtown run; while First Shift Officer could transport them over there during his/her 7:00am run to Commissioner Office and Gov. Mansion. Both inmates were placed on medical treatment sheet to be transported to Kilby Correctional Facility Health Care for the blood work (see attached medical treatment sheet). Then, I had to do a revised copy of ACI Squads (checkouts and out-gates) on 3-27-06 to add inmates Ford and Goodrum to ACI Special Project (see attached revised copy of ACI Squads). Both inmates Ford and Goodrum was given a medial questionnaire to filled out and return to Sgt. Smiley that morning (see attached initial medical questionnaire of inmates Ford and Goodrum). At approximately 6:24am, ACI #4 Mr. Rance Bentley checked out his squad that consisted of 4 inmates. However, one inmate Dwond Glass BM/180895 did not check out with his assigned squad that morning. So I had to reassigned inmate Glass to ACI #12 Mr. Horlen Day. Who checked out his squad at 7:28am with inmate Glass on his squad. Then, I went back to check the newsletter and newly assigned jobs sheet and the ACI Squads (checkouts and outgates) sheets to observed the past job assignments. Inmate Glass was on the newsletter and newly assigned jobs sheet, but wasn't on the ACI Squads (checkouts and outgates). And I noticed another inmate Khalid Willis BM/244901 that wasn't on the ACI Squads (checkouts and outgates) sheet. So, I made a revised copy of the ACI Squad (checkouts and outgates) sheet to placed the following inmate names: inmates Ford and Goodrum – (add on to ACI SPECIAL PROJECT) and inmates Glass and Willis -- (add on the ACI #4 and ACI #2). Inmate Willis checked out with ACI #2 Mr. Larry Lindsey at 7:25am. This allowed everything to run smoothly again. Later on that day at approximately 1:20pm, I received a phone call from Mr. Charles Middlebrooks, Coliseum Supervisor. He stated that he found a gallon milk jug in his shop refrigerator filled with beer. He also states that he questioned his 4 man work crew about the incident. The four inmates did not admit to knowing where the beer came from. Mr. Middlebrooks advised Sgt. Smiley that he went to the Crawford Arena to eat lunch. While eating lunch, inmate Albert Hendricks BM/#181980 approached him and admitted that he was the person that had the beer. At approximately 1:25pm Sgt. Smiley advised Warden Charles I Hadleyof this incident. Mr. Middlebrooks was advised by Sgt. Smiley that he was in route to the Coliseum to pick up inmate Hendricks and transport him back to Red Eagle. Sgt. Smiley placed restraints on inmate Hendricks without incident. Mr. Middlebrooks gave Sgt. Smiley the gallon milk jug filled with beer. Inmate Hendricks was transported to Red Eagle without incident. Inmate Hendricks was strip searched by Sgt. Smiley. The search was negative. Inmate Hendricks did submit a urine sample at approximately 2:20 pm. I had to stay until 3:45pm to complete reports and a disciplinary due to an inmate (Albert Hendricks) consuming alcohol at his community job site. Inmate Hendricks received a disciplinary for rule violation #64: Possession of contraband. A body chart was completed of inmate

Hendricks by Nurse Will Simpson at Red Eagle. Inmate Hendricks remains in populations pending disciplinary action. On 3-27-06 I worked overtime on 3rd Shift to allow Sgt. Jackson to be off on her regular off day due to Lt. Brown being on approved leave. This shift began at 10:00 pm and ended at 6:00 am on 3-28-06. On 3-28-06 at approximately 5:45am. Steward Julia Johnson advised Sgt. Anthony Smiley that inmate Bradley Burt B/23532 wanted to waive his custody at Red Eagle. Sgt. Smiley instructed COI John Gates to escort inmate Burt to the Shift Office. Upon entering the Shift Office, Sgt. Smiley questioned inmate Burt about the incident. Inmate Burt stated he did not want to work in the kitchen, but rather work on the farm. At approximately 6:00am, Sgt. Smiley advised Lt. Edwin Lane 1st Shift Commander about the incident. At approximately 6:05am, Sgt. Smiley placed restraints on inmate Burt in the Shift Office. Inmate Burt was pending transfer due to the waiving of his custody. Inmate Burt was considered a medium custody inmate and could not remain at Red Eagle. Inmate Burt was transferred to Kilby on 3-28-06. I had to stay to complete incident report of inmate Burt, due to the waiving of his custody. At approximately 9:38am, urine sample to Staton Drug Lab to be tested. At approximately 10:20am, Sgt. Smiley arrived at Staton Drug Lab with inmate Hendricks' urine sample. At approximately 11:00am, Sgt. Smiley arrived at Red Eagle from Staton Drug Lab. At approximately 12:15pm, Sgt. Smiley was 10-42. I completed my duties as ICS Sergeant on both days as I would do on normal duty day. It is true that I did not properly coordinate with Warden Hadley and get his direct permission to change my work hours due to the fact that most administrative hours are not set in stone and the fact that employees are required to work a 40 hour work week, which I did. I worked a total of 56 hours during that work week and I got overtime pay for 16 hours, which left 40 hours-the regular work for employees.

Sgt. Anthony Smiley, Sr.

# EXHIBIT 2

Sgt. Smiley's 2006/2007

Annual Appraisal

# STATE OF ALABAMA
## Personnel Department

Employee Name: ANTHONY SMILEY                    Social Security Number: [redacted]

Agency: 005/CORRECTIONS                    Division: 3200/RED EAGLE

Classification: CORRECTIONAL OFFICER II          Class Code: 60712  Position #: 674500

Period Covered From: 2/1/2006 To: 2/1/2007     Annual Raise Effective: April 2007

**APPRAISAL SIGNATURES:** Signatures are to be provided after the form has been completed. Signatures denote supervisor and employee discussion and receipt of form. Employee signature does not denote agreement. All signatures are mandatory.

| Rating Supervisor | Employee | Reviewing Supervisor |
|---|---|---|
| SSN [redacted] | | SSN [redacted] |
| *N. Donnie Brown* | *Sgt. Smiley* | *Joseph Womble* |
| Rater Signature | Employee Signature | Reviewer Signature |
| Donnie Brown | | Joseph Womble |
| Rater Printed Name | | Reviewer Printed Name |
| 1-4-07 | 1-4-07 | 1-5-07 |
| Date | Date | Date |
| DB | | |
| Initial if comments attached | Initial if comments attached | Initial if comments attached |

**PERFORMANCE APPRAISAL SCORE:** Locate the Responsibility Score on the back of this form and write it in the appropriate space. Locate the Disciplinary Score, also on the back of this form, and write it in the appropriate space. The Disciplinary Score is subtracted from the Responsibility Score to derive the Performance Appraisal Score. Mandatory documentation is to be maintained in the agency's personnel files if a "Does Not Meet" or "Consistently Exceeds" rating is given.

|  37.00  | - |  7  | = |  30.00  |
|---|---|---|---|---|
| Responsibility Score | | Disciplinary Score | | Performance Appraisal Score |

This employee's work:

| Does Not Meet Standards (6.6 or below) | Partially Meets Standards (6.7 – 16.6) | Meets Standards (16.7 - 26.6) | Exceeds Standards (26.7 - 36.6) | Consistently Exceeds Standards (36.7 - 40) |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☒ | ☐ |

**WORK HABITS:** Check the appropriate space for each Work Habit area. Work Habits pertain to conduct occurring in this Appraisal period. Provide an explanation below for marking any work habit as "Unsatisfactory." Attach additional sheets if necessary. No disciplinary action has to be taken to mark a Work Habit "Unsatisfactory."

|  | Unsatisfactory | Satisfactory | |
|---|---|---|---|
| Attendance | ☐ | ☒ | |
| Punctuality | ☐ | ☒ | |
| Cooperation with Coworkers | ☐ | ☒ | |
| Compliance with Rules | ☒ | ☐ | Written reprimand  6/9/06 |

discussed during the Preappraisal. Record the appropriate rating in the box for each responsibility. Rating(s) of appropriate responsibilities should reflect any disciplinary action that has been taken during this appraisal period. Page 3 of 8

Case 2:07-cv-00833-MEF-TFM    Document 26-3    Filed 09/05/2008    Page 3 of 8

| 0 | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| Does Not Meet Standards | Partially Meets Standards | Meets Standards | Exceeds Standards | Consistently Exceeds Standards |

## *Responsibility*                                                                                              *Rating*

1. Assigns duties _____ | 4 |

2. Complete time and work schedules _____ | 1 |

3. Completes reports _____ | 4 |

4. Conducts searches _____ | 4 |

5. Counsels inmates _____ | 4 |

6. Counsels subordinate employees _____ | 4 |

7. Counts inmates _____ | 4 |

8. Evaluates job performance _____ | 4 |

9. Exchanges information _____ | 4 |

10. Inspects assigned areas _____ | 4 |

## *RESPONSIBILITY SCORE:*

| 37 | ÷ | 10 | = | 3.700 | x | 10 | = | 37.00 |
|---|---|---|---|---|---|---|---|---|
| Total of Responsibilities/Results Ratings | | Number of Responsibilities | | Average Responsibility Rating | | | | Responsibility Score |

**DISCIPLINARY ACTIONS:**  Any disciplinary action taken with the employee during this appraisal period is to be documented below.  Provide the number of disciplinary actions and steps taken with the employee during the appraisal year.  If no disciplinary action has been taken, a "0" should be marked in each block provided.  Attach a copy of the warning(s), reprimand(s), suspension(s) or demotion to the Appraisal.

| **Warning** | **Reprimand** | **Suspension** | **Demotion** |
|---|---|---|---|
| 0 | 1 | 0 | 0 |

**DISCIPLINARY SCORE:**  **This section should include the use of the discipline steps of reprimand, suspension, and demotion only.**  The Disciplinary Score does not include scores for counseling and warnings.  To calculate the Disciplinary Score, identify the most severe step of discipline taken with the employee during this appraisal period.  If the most severe step was one or more reprimands, the Disciplinary Score will be 7.  If the most severe step was one or more suspensions, the Disciplinary Score will be 17.  If the most severe step taken with the employee in the appraisal year was one or more demotions, the Disciplinary Score will be 24.  Otherwise, the Disciplinary Score will be 0.

### DISCIPLINARY SCORE:                    7

**Form 13P**
**Revised (06/2005)**

EMPLOYEE PERFORMANCE *PREAPPRAISAL*
**STATE OF ALABAMA**
**Personnel Department**

Employee Name: <u>ANTHONY SMILEY</u>

Agency: <u>005/CORRECTIONS</u>

Classification: <u>CORRECTIONAL OFFICER II</u>

Period Covered From: <u>02/01/2006</u> To: <u>02/01/2007</u>

Social Security Number: ▆▆▆▆

Division: <u>3200/RED EAGLE</u>

Class Code: <u>60712</u>

Position Number: <u>00674500</u>

**RESPONSIBILITIES/RESULTS:** Responsibilities and results on which an employee will be rated should be listed below. These factors should be discussed with the employee during the Preappraisal session at the beginning of each appraisal year. Please refer to the Performance Appraisal Manual for instruction on specifics of preparing, conducting, and completing the Preappraisal. Refer to the same manual for information concerning how to develop responsibilities and results.

(A)  Assigns duties to subordinate employees so that all institutional needs and requirements are met maintaining security, custody, and control with no more than one documented complaint by supervisor.

(B)  Complete time and work schedules so that adequate staffing and timely use of accrued leave is insured, with no more than two documented error per rating period.

(C)  Completes reports so that information is documented and edited to insure factual content and legibility, with no complaint by second supervisor review.

(D)  Attends and participates in job board, assigns inmates to jobs. Makes information entries for Newsletter, check-out sheets, and all other forms applicable with no more than 2 documented errors per rating period.

(E)  Counsels inmates so that inappropriate behavior is corrected and violation of procedures is documented and the inmate disciplined, with no more than one valid complaint by supervisor during rating period.

(F)  Counsels subordinate employees so that each employee is aware of the expectations required of him/her to achieve a higher level of proficiency with no more than on valid complaint documented per rating period.

(G)  Attends and participates in training programs so that qualification standards are met with no valid complaints.

(H)  Evaluates job performance of subordinate employees so that employees are informed of their performance and possible needed improvement, without valid complaint.

(I)  Exchanges information so that a continuous flow of accurate information is provided and maintained for supervisors and officers, keeping an efficient operation of the facility, without valid complaint.

(J)  Inspects assigned areas of responsibility so that cleanliness is insured, health hazards prevented, and equipment is operable and in safe condition without valid complaint.

**WORK HABITS:** Provide a check in the appropriate space to document that the policies and procedures concerning the following areas have been discussed with the employee. For instructions, refer to the Performance Appraisal Manual and policies of the agency.

CHECK WHEN DISCUSSED:

✓ Attendance

✓ Punctuality

✓ Cooperation with Coworkers

✓ Compliance with Rules

---

**PREAPPRAISAL SIGNATURES:** Signatures are mandatory.

Date the Preappraisal Session was held with the employee: _1-10-06_

Employee Signature: (denotes discussion and receipt of form, not agreement) _Arthur D. Scott_

Rater Signature: (denotes discussion and employee receipt of form) _Edwin Lane_

Reviewer Signature: _C. Riddle_

---

## EMPLOYEE PERFORMANCE *MIDAPPRAISAL*

Describe any employee's strength(s) in performing responsibilities and/or conducting work habits, as observed, during the first half of the appraisal period.

_ICS Supervisor's tasks changed to Shift Supervisor tasks in April 2006_

Describe any area(s) that the employee needs to improve in performance of responsibilities and/or work habits, as observed, during the first half of the appraisal period. Document any actions taken or the corrective action plan that was developed to improve the areas of weakness. If a plan has not been developed, it is appropriate for the rater to consider developing a plan at this time.

_NA_

State the areas where the employee has performed in a fully competent manner during the first half of the appraisal period. Documentation in this area means that the employee performed to the expected level of performance as discussed in the Preappraisal session. If there is no documentation in the first two areas, this section should be completed.

_NA_

A Midappraisal session has been held on this date and performance has been discussed: _____

Employee Signature: _____   Initial if comments attached: _____

Rater Signature: _____   Initial if comments attached: _____

Reviewer Signature: _____   Initial if comments attached: _____

(Signatures denote that a Midappraisal session has been held between the supervisor and employee. Signatures are mandatory. Employee signature does not denote agreement but discussion of the form and rater comments. Comments may be attached. The person attaching comments must initial in the appropriate space.)

**Form 13P**
**Revised (01/2006)**

**EMPLOYEE PERFORMANCE *PREAPPRAISAL***
**STATE OF ALABAMA**
**Personnel Department**

Employee Name: ANTHONY SMILEY

Agency: 005/CORRECTIONS

Classification: CORRECTIONAL OFFICER II

Period Covered From: 02/01/2006 To: 2/1/2007

Social Security Number: ███████

Division: 3200/RED EAGLE

Class Code: 60712

Position Number: 67450

**RESPONSIBILITIES/RESULTS:** Responsibilities and results on which an employee will be rated should be listed below. These factors should be discussed with the employee during the Preappraisal session at the beginning of each appraisal year. Please refer to the Performance Appraisal Manual for instruction on specifics of preparing, conducting, and completing the Preappraisal. Refer to the same manual for information concerning how to develop responsibilities and results.

## RESPONSIBILITIES/RESULTS

(A)   Assigns duties to subordinate employees so that all institutional needs and requirements are met maintaining security, custody, and control with no more than one documented complaint by supervisor.

(B)   Complete time and work schedules so that adequate staffing and timely use of accrued leave is insured, with no more than two documented error per rating period.

(C)   Completes reports so that information is documented and edited to insure factual content and legibility, with no complaint by second supervisor review.

(D)   Conducts searches so that contraband is identified and eliminated from the facility in order to maintain a safe and secure environment with no more than one documented error by supervisor per rating period.

(E)   Counsels inmates so that inappropriate behavior is corrected and violation of procedures is documented and the inmate disciplined, with no more than one valid complaint by supervisor during rating period.

(F)   Counsels subordinate employees so that each employee is aware of the expectations required of him/her to achieve a higher level of proficiency with no more than on valid complaint documented per rating period.

(G)   Counts inmates so that all inmates are present and accounted for with no more than one error per rating period where no escape occurred.

(H)   Evaluates job performance of subordinate employees so that employees are informed of their performance and possible needed improvement, without valid complaint.

(I)   Exchanges information so that a continuous flow of accurate information is provided and maintained for supervisors and officers, keeping an efficient operation of the facility, without valid complaint.

(J)   Inspects assigned areas of responsibility so that cleanliness is insured, health hazards prevented, and equipment is operable and in safe condition without valid complaint.

**WORK HABITS:** Provide a check in the appropriate space to document that the policies and procedures concerning the following areas have been discussed with the employee. For instructions, refer to the Performance Appraisal Manual and policies of the agency.

CHECK WHEN DISCUSSED:

| | |
|---|---|
| ☒ | Attendance |
| ☒ | Punctuality |
| ☒ | Cooperation with Coworkers |
| ☒ | Compliance with Rules |

---

**PREAPPRAISAL SIGNATURES:** Signatures are mandatory.

Date the Preappraisal Session was held with the employee: 7-26-06

Employee Signature: (denotes discussion and receipt of form, not agreement) _Sgt. Ady &f_

Rater Signature: (denotes discussion and employee receipt of form) _Lt. Donnie Brown_

Reviewer Signature: _____

---

## EMPLOYEE PERFORMANCE *MIDAPPRAISAL*

Describe any employee's strength(s) in performing responsibilities and/or conducting work habits, as observed, during the first half of the appraisal period. _Good Supervisor. Ensures that all tasks are completed. Assists in processing visitation list. Delegates responsibility to subordinate employees. Fill in for and performs COI task during shortage of manpower. Good attendance record and arrives early each day. Does a good job on employee time sheets._

Describe any area(s) that the employee needs to improve in performance of responsibilities and/or work habits, as observed, during the first half of the appraisal period. Document any actions taken or the corrective action plan that was developed to improve the areas of weakness. If a plan has not been developed, it is appropriate for the rater to consider developing a plan at this time. _None Noted at this time_

State the areas where the employee has performed in a fully competent manner during the first half of the appraisal period. Documentation in this area means that the employee performed to the expected level of performance as discussed in the Preappraisal session. If there is no documentation in the first two areas, this section should be completed. _Same as above_

A Midappraisal session has been held on this date and performance has been discussed: 7-27-06

Employee Signature: _Sgt. Ady &f_          Initial if comments attached: _____

Rater Signature: _Lt. Donnie Brown_          Initial if comments attached: _____

Reviewer Signature: _Jay Call_          Initial if comments attached: _____

(Signatures denote that a Midappraisal session has been held between the supervisor and employee. Signatures are mandatory. Employee signature does not denote agreement but discussion of the form and rater comments. Comments may be attached. The person attaching comments must initial in the appropriate space.)

## WRITTEN JUSTIFICATION TO SUPPORT

## OVERALL EVALUATION ON EMPLOYEE GUIDANCE SHEET

NAME OF EMPLOYEE: ANTHONY SMILEY _____ DEPARTMENT: CORRECTIONS

CLASSIFICATION: CORRECTIONAL OFFICER II _____ INSTITUTION: REHF

PERIOD COVERED FROM 02/01/2006 ___ TO 02/01/2007

JUSTIFICATION: During this rating period, Sgt. Smiley has done an exceptional job as Assistant 3rd

Shift Commander. Sgt. Smiley is professional and dependable. Sgt. Smiley assigns tasks to subordinate

employees to ensure that all necessary tasks are completed in order for the Institution to run smoothly and

efficiently. Sgt. Smiley monitors and evaluates job performance of subordinate employees. Sgt. Smiley

volunteers to work on his off days if needed in order for other employees to take off for scheduled leave

and vacations. Sgt. Smiley ensures that all unusual incidents are reported and documented. Sgt. Smiley

deserves this a rating of exceeds standards for this rating period.

_____        1-2-07
SIGNATURE OF RATING SUPERVISOR        DATE

_____        1-2-07
SIGNATURE OF EMPLOYEE        DATE

_____        1-5-07
SIGNATURE OF REVIEWING SUPERVISOR        DATE

# EXHIBIT 3

Sgt. Smiley's Annual Increase in Pay (two-step raise), dated March 8, 2007.

# State of Alabama
# Alabama Department of Corrections

### Personnel Division

P. O. Box 301501
Montgomery, AL 36130-1501

**BOB RILEY**
GOVERNOR

**RICHARD F. ALLEN**
COMMISSIONER



March 8, 2007

## MEMORANDUM

**TO:**      **Anthony Smiley**

**FROM:**    Dora Jackson
             Personnel Director

**SUBJECT:**   ANNUAL INCREASE IN PAY

Please be advised that you will receive a 2 step increase in pay effective **April 01, 2007.**

This increase is based on the rating you received on your recent Employee Performance Appraisal. Your semi-monthly rate of pay will increase from $1604.80 to $1685.70 and will first appear in the check you receive on **May 01, 2007.**

# EXHIBIT 4

Braswell's written statement
RE: Warden Hadley

## OFFICER STATEMENT

4-27-06

     Sgt. Anthony Smiley has been my supervisor for about two years. Sgt. Smiley is a good Christian supervisor. He has always gone an extra yard to help anybody. Sgt. Smiley has carried the load of being a Sgt., Admin. Lt., and doing details which the Captain use to do. Sgt. Smiley has been honest with keeping up with my time and his since Warden Charles Hadley gave him the detail. I think Warden Hadley has falsely accused Sgt. Smiley with doing wrong with the time sheet. I think Sgt. Smiley is being targeted for no reason at all. If Warden Hadley is going to target somebody he needs to start with Warden Charles Hadley, Lt. Richard Naile, and COI Jerry Odom. Warden Hadley authorized Inmate Brett Russell to make hunting shooting houses for personal gain. Lt. Richard Naile authorized inmates in the maintenance and lawnmower shop to fix on his personal hunting vehicle. COI Odom, Lt. Naile have came to work and changed into hunting clothes and left the institution to hunt in the woods, during deer season on state time. COI Odom, Lt. Naile And Warden hadley have brought hunting Rifles less than 25 Feet from Inmates on State Prison Property. Warden Hadley has authorized inmates in the maintenance shop to make barbecue grills with State Property for personal gain. Warden Hadley also allows inmates that works farm as Equipment Operators to build hog traps and barbecue grills. Warden Hadley also allowed the maintenance inmates and Equipment Operators to barbecue hogs and deer for a certain chosen inmates personal gain. Warden Hadley also allows Deborah Bates and Hazel Harsey to come to work late without getting any paper work. Warden Hadley also allows ACI Farm Supervisors assigned to the Red Eagle's farm office Ken Dunn and Wesley Sanford to come to work late without getting any paper work.

Keith Braswell COI

*Keith Braswell COI*

# EXHIBIT 5

Investigative Report
Dated June 13, 2006
RE: Warden Hadley

# INVESTIGATIVE REPORT



**ALABAMA DEPARTMENT OF
CORRECTIONS**

**INVESTIGATION & INTELLIGENCE
DIVISION**

Confidential-For Official Use Only

Offense: Internal Investigation _____   Case No.: _____   06-10041

Location: Red Eagle Honor Farm _____   County: Montgomery   Date of Offense: 5-23-2006

| Victim(s) | Subject(s) |
|---|---|
| | Warden Charles Hadley |

## SYNOPSIS:

On 5-23-2006, during a suspension hearing at Red Eagle Honor Farm, Officers Keith Braswell and Roderick Underwood provided statements alleging that Warden Hadley used his position as warden of Red Eagle Honor Farm for his own personal gain.  The officers also alleged that the Warden has shown favoritism to select officers and employees by knowingly allowing fractions of rules and regulations.  After a thorough investigation, the officer's allegations have been unsubstantiated.

Errick Demus, Investigator
Alabama Department of Corrections
Investigations and Intelligence Division

ED/ch

| | | | | | |
|---|---|---|---|---|---|
| Criminal | ____ | Non-Criminal | ____ | Internal | x |
| Unfounded | x | Pending Investigation | ____ | Closed or Inactive | x |
| | | Cleared by Arrest | ____ | Not Cleared | ____ |

| Copies of Report to | | |
|---|---|---|
| Commissioner | x | Date of Report    June 13, 2006 |
| D/A | | |
| D/C | DC Lovelace | Report Made by    Errick Demus |
| Other | Warden Hadley | |
| | | Report Typed by    Casandra Henderson |

# EXHIBIT 6

Memorandum

RE: 20 Days Suspension &
Administrative Hearing

Scheduled for October 19, 2006.

## Deloach, James (DOC)

| | |
|---|---|
| **From:** | Ellis, Nadine (DOC) |
| **Sent:** | Monday, September 25, 2006 9:39 AM |
| **To:** | Thomas, Willie (DOC) |
| **Cc:** | Hadley, Charles (DOC); Deloach, James (DOC); Baker, Jenni (DOC); Sutherland, Diane (DOC); Crosby, Debra (DOC) |
| **Subject:** | Administrative Hearing |

## M E M O R A N D U M

**TO:**      Willie Thomas, Warden III
            Elmore Correctional Facility

**FROM:**    Nadine Ellis, PA III
            ADOC Personnel Division

**SUBJECT:** Administrative Hearing

You are hereby appointed to conduct a hearing and receive information in support of and against the reasons for the recommended suspension of the below referenced employee:

Employee Name/Title: Keith Braswell, CO I

Hearing Date/Time/Location: October 19, 2006, 9:00 a.m., Red Eagle Honor Farm

Recommending Official/Notification Date: Warden Charles I. Hadley, September 20, 2006

Date Employee Acknowledged Notice to Consider Suspension: September 20, 2006

Number of Days Recommended: Twenty (20) Days Suspension.

Please forward the record of hearing, along with your findings on the charges, to the ADOC Personnel Division, Attn: Nadine Ellis, no later than ten (10) working days following the hearing.

Additionally, you will bring your secretary to record the hearing.

:ne

CC:    Charles I. Hadley, Warden II
       Red Eagle Honor Farm

       Keith Braswell, CO I
       Red Eagle Honor Farm

_Keith Braswell_ CO I                    9-27-06
Acknowledge Receipt                      Date

1

# EXHIBIT 7

Underwood's Statement

P 2

## OFFICER STATEMENT

While working on first shift I have observed a number of administrative workers report to work late. They have also been late coming back from lunch. I have observed inmates doing personal projects for workers for their own personal gain. I have observed a supervisor (Lt.) give an inmate a pocket knife. I have also observed a supervisor (Lt.) take Red Eagle Honor Farm property home and use it for personal reasons. I have seen a steward report to work late a numerous amount of times. While still on probation. The steward has also left perishable foods unsecure. All of these circumstances resulted in no disciplinary action taken against no one.

Roderick Underwood

Roderick Underwood

# **EXHIBIT 8**

Commissioner's Directed Transfer
Dated June 22, 2006
RE: Roderick Underwood



# State of Alabama
## Alabama Department of Corrections

301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130



BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

June 22, 2006

**MEMORANDUM**

**TO:**      Roderick Underwood, Correctional Officer I
             Red Eagle

**FROM:**    Richard F. Allen
             Commissioner

**SUBJECT:**   Directed Transfer

In accordance with Rule 670-X-9-.04(2) of the Rules of the State Personnel Board,
you are hereby transferred from Red Eagle Honor Farm to Staton Correctional
Facility, effective July 1, 2006.

You are to report to duty at Staton Correctional Facility on Monday,
June 26, 2006 at 8:00 a.m.

DC:sm

Cc: Greg Lovelace, Deputy Commissioner
    Warden Charles Hadley, Red Eagle
    Warden Leon Forniss, Staton Correctional Facility
    Dora Jackson, Personnel Division Director

Telephone (334) 353-3883            Fax (334) 353-3967

# EXHIBIT 9

Memorandum

RE: Underwood's 10 Days Suspension
& Administrative Hearing

Scheduled for October 19, 2006.

## Hadley, Charles (DOC)

| | |
|---|---|
| **From:** | Ellis, Nadine (DOC) |
| **Sent:** | Monday, September 25, 2006 9:50 AM |
| **To:** | Thomas, Willie (DOC) |
| **Cc:** | Hadley, Charles (DOC); Forniss, Leon (DOC); Baker, Jenni (DOC); Diem, Margie (DOC); Sutherland, Diane (DOC) |
| **Subject:** | Administrative Hearing |

## M E M O R A N D U M

TO:       Willie Thomas, Warden III
               Elmore Correctional Facility

FROM:   Nadine Ellis, PA III
               ADOC Personnel Division

SUBJECT:  Administrative Hearing

You are hereby appointed to conduct a hearing and receive information in support of and against the reasons for the recommended suspension of the below referenced employee:

       Employee Name/Title: Roderick Underwood, CO I

       Hearing Date/Time/Location: October 19, 2006, 2:00 p.m., Red Eagle Honor Farm

       Recommending Official/Notification Date: Warden Charles I. Hadley, September 20, 2006

       Date Employee Acknowledged Notice to Consider Suspension: September 20, 2006

       Number of Days Recommended: Ten (10) Days Suspension.

Please forward the record of hearing, along with your findings on the charges, to the ADOC Personnel Division, Attn: Nadine Ellis, no later than ten (10) working days following the hearing.

:ne

Cc:    Charles I. Hadley, Warden II
       Red Eagle Honor Farm

       Roderick Underwood, CO I
       Staton Correctional Facility

# EXHIBIT 10

Commissioner's Letter of Suspension
Dated January 9, 2007
RE: Roderick Underwood



# State of Alabama
# Department of Corrections

Alabama Criminal Justice Center
301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130-1501
(334) 353-3883



BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

Acknowledge Receipt: *Roderick Underwood* January 9, 2007

Date: 1-12-07

Mr. Roderick Underwood, CO I
Staton Correctional Facility
Elmore, Alabama 36025

Dear Mr. Underwood:

On October 19, 2006 a hearing was held based on Warden Charles I. Hadley recommendation that you be suspended without pay for a period of ten (10) days. The Hearing Officer found you guilty of the following violations under the Administrative Regulation 208:

1.  Employees shall observe all laws, rules and regulations. (Section V, Paragraph A7)

2.  Employees shall uphold, with integrity, the public's trust involved in their position. (Section V, Paragraph A8)

In determining the appropriate disciplinary action for violation of Administrative Regulation 208, I have considered the following offenses under Administrative Regulation 208:

Giving false information or verbal/written statement in connection with employment, an investigation or injury. (Administrative Regulation 208, Annex H, Number 41)

On May 23, 2006 you provided a statement, while under oath, making numerous serious accusations against other personnel at Red Eagle Honor Farm. The Investigation and Intelligence Division conducted a thorough investigation and concluded that your allegations were unsubstantiated.

A review of your overall work record reveals no active disciplinary action.

Page 2
Mr. Roderick Underwood


Having reviewed the record of hearing and your overall work record, I do hereby approve the Hearing Officer's finding; however, I'm reducing your suspension from the recommended ten (10) days to five (5) days. Therefore, you are hereby suspended without pay for a period of five (5) days, to be effective January 25, 2007 through January 29, 2007 inclusive.

The intent of this action is to emphasize the necessity for you to follow rules and regulations. Any similar infractions after this incident will result in further corrective action. Hopefully, your actions in the future will meet standards.

Sincerely,

Richard F. Allen
Commissioner


RFA:puf

CC:    Mrs. Jackie Graham, State Personnel Director
       Warden Charles I Hadley, Red Eagle Honor Farm
       Warden Leon Forniss, Staton Correctional Facility
       Mrs. Dora Jackson, Departmental Personnel Director

# EXHIBIT 11

Commissioner's Letter of Suspension
Dated April 9, 2007
RE: Keith Braswell



# State of Alabama
# Department of Corrections

Alabama Criminal Justice Center
301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130-1501
(334) 353-3883

**BOB RILEY**
GOVERNOR



**RICHARD F. ALLEN**
COMMISSIONER

April 9, 2007

Mr. Keith Braswell, CO
Staton Correctional Facility
Elmore, Alabama 36025

Dear Mr. Braswell:

On October 19, 2007 a hearing was held based on Warden Charles I. Hadley recommendation that you be suspended without pay for a period of twenty (20) days. The Hearing Officer found you guilty of the following violations under the Administrative Regulation 208:

1. Employees shall observe all laws, rules and regulations. (Section V, Paragraph A7)

2. Employees shall uphold, with integrity, the public's trust involved in their position. (Section V, Paragraph A8)

In determining the appropriate disciplinary action for violation of Administrative Regulation 208, I have considered the following offenses under Administrative Regulation 208:

1. Giving false information or verbal/written statement in connection with employment, an investigation or injury. (Administrative Regulation 208, Annex H, Number 30)

2. Conduct that is disgraceful, on or off the job that does adversely affect an employee's effectiveness on the job. (Administrative Regulation 208, Annex H, Number 41)

On May 23, 2006 you provided a statement, while under oath, making numerous serious accusations against other personnel at Red Eagle Honor Farm. A thorough investigation was conducted by Department of Corrections Investigation and Intelligence division. The investigation concluded that there was no evidence to support your accusations.

Page 2
Mr. Keith Braswell

A review of your overall work record reveals no disciplinary action.

Having reviewed the record of hearing and your overall work record, I do hereby approve the Hearing Officer's finding; however, I'm reducing your suspension from the recommended twenty (20) days to ten (10) days. Therefore, you are hereby suspended without pay for a period of ten (10) days, to be effective April 17, 2007 through April 26, 2007 inclusive. You will be charged leave without pay (LWOP) for your off days and will return to duty on May 1, 2007.

The intent of this action is to emphasize the necessity for you to follow rules and regulations. Any similar infractions after this incident will result in further corrective action. Hopefully, your actions in the future will meet standards.

Sincerely,

Richard F. Allen
Commissioner

RFA:puf

CC:   Mrs. Jackie Graham, State Personnel Director
      Warden Charles I. Hadley, Red Eagle Honor Farm
      Warden Leon Forniss, Staton Correctional Facility
      Mrs. Dora Jackson, Departmental Personnel Director

# EXHIBIT 12

U.S. Department of Justice letter
Dated June 4, 2007
RE: Underwood and Braswell



U.S. Department ...stice

Civil Rights Division

---

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

DJP:WBF:mdw
DJ 170-2-120
   170-2-121

JUN  4 2007

Delner Franklin-Thomas
District Director, EEOC
1130 22nd Street, South
Birmingham, AL 35205

Re: Roderick Underwood   EEOC No. 420-2006-04621
      Keith Braswell     EEOC No. 420-2006-03632
                   v.
     Alabama Department of Corrections

Dear Ms. Franklin-Thomas:

It has been determined that the Department of Justice will not file suit on the above-referenced charges of discrimination that were referred to us by the Equal Employment Opportunity Commission (EEOC).

We have forwarded the charging parties a notice of right to sue, copies of which are enclosed.  We are returning all files in this case to your office and have informed the charging parties of their availability.

Sincerely,

David J. Palmer
Chief
Employment Litigation Section
Civil Rights Division

By:

William B. Fenton
Deputy Chief
Employment Litigation Section

# EXHIBIT 13

U.S. Equal Employment Opportunity
Commission Notice of Rights

Filed on 8/1/2007

Re: Anthony Smiley, Sr.

EEOC Form 161 (3/98)

U.S. UAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Anthony Smiley, Sr**
**2455 Spruce Curve**
**Montgomery, Al 36107**

From: **U. S. Equal Employment Opportunity**
**Commission, Birmingham District Office**
**Ridge Park Place - Suite 2000**
**1130 22nd Street, South**
**Birmingham, Alabama 35205**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420 2006 04915** | **Roy L. Jackson, Investigator** | **(205) 212-2073** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Delner Franklin-Thomas_    8/1/07

Delner Franklin-Thomas, District Director    (Date Mailed)

Enclosure(s)

cc:    **Stephanie L. Hust**

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before 7/1/02</u> – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT 14

U.S. Department of Justice
Notice of Right to Sue
Dated June 4, 2007
RE: Keith Braswell



U.S. Department of Justice

Civil Rights Division

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-2-121

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

JUN    4 2007

Keith Braswell
846 Leiscester Drive
Montgomery, AL 36116

Re: Keith Braswell v. Alabama Department of
Corrections, EEOC No. 420-2006-03632

Dear Mr. Braswell:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious. You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(l) of Title VII, 42 U.S.C. 2000e-5(f)(l).

We are returning the files in this matter to EEOC's Birmingham District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Delner Franklin-Thomas, District Director, EEOC, 1130 22nd Street, South, Birmingham, AL 35205.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By:    *[signature]*

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Robert Hodge
Alabama Department of Corrections

# EXHIBIT 15

U.S. Department of Justice
Notice of Right to Sue
Dated June 4, 2007
RE: Roderick Underwood



U.S. Department of Justice

Civil Rights Division

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-2-120

JUN  4 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Roderick Underwood
819 Carmon Place
Montgomery, AL 36110

Re: Roderick Underwood v. Alabama Department of
Corrections, EEOC No. 420-2006-04621

Dear Mr. Underwood:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious. You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(l) of Title VII, 42 U.S.C. 2000e-5(f)(l).

We are returning the files in this matter to EEOC's Birmingham District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Delner Franklin-Thomas, District Director, EEOC, 1130 22nd Street, South, Birmingham, AL 35205.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By:

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Robert Hodge
    Alabama Department of Corrections

# EXHIBIT 16

Warden Charles Hadley

Notice of Recommendation for Suspension

RE: Keith Braswell

NOTICE OF RECOMMENDATION FOR SUSPENSION

**MEMORANDUM**

TO:        **COI Keith Braswell**

FROM:    **Warden Charles I. Hadley**

Re:         **Notice of Recommendation for Suspension**

On May 23, 2006, you provided a statement, while under oath, making numerous serious accusations against other personnel at Red Eagle Honor Farm. A thorough investigation was conducted by the departments' Investigation and Intelligence division. This investigation concluded with no evidence to support your accusations.

On May 25, 2006, at approximately 4:10 p.m., you failed to provide adequate response to Lt. Richard Naile during his altercation with an inmate. During this incident, which you observed, Sgt. Lynn Jackson heard the noise from the altercation, while in her office and responded to assist Lt. Naile, while you stood within approximately three (3) feet and did nothing until Sgt. Jackson was on the floor assisting Lt. Naile.

Your actions constitute a violation of the following portion of ADOC Administrative Regulation 208, Employee Standards of Conduct and Discipline. You have been apprised of these standards of conduct and a copy of the regulation is posted on the bulletin board.

    V.A.2.7 & 8

In determining the appropriate punishment I have considered the following ADOC reference:

    AR 208 Annex H, infraction #41, 1st offense-dismissal.
    "                                   #30, Conduct that is disgraceful, on or off the Job, that does adversely affect an employee's effectiveness on the job.

A review of your record of performance reflects the following active and inactive corrective actions:

    No previous disciplinary actions

It is appropriate to convene a hearing under the provisions of AR 208 to receive my recommendation to suspend you from duty without pay for <u>20</u> days. The Hearing Officer will also consider your overall work record and length of service, as well as any information you present.

You will appear at a hearing to be scheduled at a later date. You may have someone to represent you, at your own expense. You may present information in your behalf and witnesses who have direct knowledge of the incident(s) resulting in this hearing. Character and multiple witnesses making the same statement are generally not allowed.

The ADOC Commissioner will receive and review the findings of the Hearing Officer, but is not bound by those findings. The Commissioner's decision is final with the ADOC.

You may choose to waive the hearing by completing ADOC Form 208-D at any time prior to the convening of the hearing and accept a suspension without pay for <u>20</u> day(s), subject to approval by the ADOC Commissioner. A suspension imposed through a waiver, or otherwise, includes a stipulation that an employee will not be recommended for promotion until the completion of one year of creditable service after the period of the suspension.

Employee acknowledgement of receipt: _____     _____
                                                      Signature             Date

Time: _____     Witness: _____

Annex A to AR 208 (page 2 of 2 pages)

AR 208-August 17, 2005

# EXHIBIT 17

Commissioner's Directed
Transfer
Dated June 22, 2006
RE: Keith Braswell



**State of Alabama**

## Alabama Department of Corrections

301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130

BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

June 22, 2006

**MEMORANDUM**

**TO:**      **Keith Braswell, Correctional Officer I**
             **Red Eagle**

**FROM:**    **Richard F. Allen**
             **Commissioner**

**SUBJECT:**    **Directed Transfer**

In accordance with Rule 670-X-9-.04(2) of the Rules of the State Personnel Board, you are hereby transferred from Red Eagle Honor Farm to Draper Correctional Facility, effective July 1, 2006.

You are to report to duty at Draper Correctional Facility on Monday, June 26, 2006 at 8:00 a.m.

DC:sm

Cc:  Greg Lovelace, Deputy Commissioner
     Warden Charles Hadley, Red Eagle
     Warden James Deloach, Draper
     Dora Jackson, Personnel Division Director

Telephone (334) 353-3883                    Fax (334) 353-3967

# EXHIBIT 18

Warden Charles Hadley

Notice of Recommendation
for Suspension

RE: Roderick Underwood

P—I

## NOTICE OF RECOMMENATION FOR SUSPENSION

## MEMORANDUM

TO:        COI Roderick Underwood

FROM:      Warden Charles L. Hadley

Re:        Notice of Recommendation for Suspension

On May 23, 2006, you provided a statement, while under oath, making numerous serious accusations against other personnel at Red Eagle Honor Farm. A thorough investigation was conducted by the departments' Investigation and Intelligence division. This investigation concluded with no evidence to support your accusations.

Your actions constitute violations of the following portion of ADOC Administrative Regulation 208, Employee Standards of Conduct and Discipline. You have been apprised of these standards of conduct and a copy of the regulation is posted on the bulletin board.

V.A.2.7 & 8

In determining the appropriate punishment I have considered the following ADOC reference:

AR 208 Annex H, infraction #41, 1st offense-dismissal.

A review of your service record reflects the following active and inactive corrective action.

No previous disciplinary actions

It is appropriate to convene a hearing under the provisions of AR 208 to receive my recommendation to suspend you from duty without pay for 10 days. The Hearing Officer will also consider your overall work record and length of service, as well as any information you present.

You will appear at a hearing to be scheduled at a later date. You may have someone to represent you, at your own expense. You may present information in your behalf and witnesses who have direct knowledge of the incident(s) resulting in this hearing. Character and multiple witnesses making the same statement are generally not allowed.

# EXHIBIT 19

## Administrative Hearing
## Roderick Underwood

ADMINISTRATIVE HEARING
RODERICK UNDERWOOD

I.     AUTHORITY

This hearing is hereby convened on October 19, 2006 at 2:00 PM in the Warden's
Office of Red Eagle Honor Farm under the authority of Alabama Department of
Correction's Administrative Regulation 208, dated August 17, 2005. The hearing
officer was Willie Thomas, Warden III, from Elmore Correctional Facility. The
Hearing officer gave the rules and swore in the witnesses.

II.    EMPLOYEE DATA

Roderick Underwood, COI, Staton Correctional Facility, PO Box 56 Elmore,
Alabama 36025; 819 Carmon Place, Montgomery, Alabama 36110; home phone
# 334-215-3595; Employee has been with the department since November 5,
2001; Bi-monthly salary $1196.00; Payroll # 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.

Mr. Underwood retained the following attorney to represent him:
        Jason Manasco
        110 N. Jackson St.
        Montgomery, AL 36104
        334-548-2327

III.   CHARGES

Administrative Regulation 208 Standards of Conduct, Alabama Department of
Corrections Employees:

1. Section V.A.2        Render full, efficient and industrious service
2. Section V.A.7        Observe all laws, rules and regulations
3. Section V.A.8        Uphold, with integrity, the public's trust involved in
                        their position

IV.    PRESENTATION BY RECOMMENDING OFFICIAL

The Notice of Recommendation for Suspension, dated May 23, 2006 was read
into the record by Warden Charles Hadley, Presenting Official, entered as Exhibit
"P1".

A statement made by COI Underwood was read into the record by Warden
Charles Hadley, Presenting Official, entered as Exhibit "P2".

An Investigative Report dated May 23, 2006 from the Investigation & Intelligence Division was entered as Exhibit "P3" into the record by Warden Charles Hadley.

Mr. Manasco attempted to object to the proceeding, stating that the Investigative Report was insufficient evidence.

Officer Underwood questioned why Lt. Brown wasn't involved in the investigation by I & I even though he was present at Sgt. Smiley's hearing regarding preferential treatment. Warden Hadley stated that no statement was entered from Lt. Brown for the investigation.

Officer Underwood continued to ask questions regarding employees at Red Eagle Honor Farm misusing their leave, taking State property away from Red Eagle Honor Farm, and about officers allowing inmates to handle weapons. Warden Thomas informed Officer Underwood that there was no fact to his allegations because he had no proof. Warden Thomas also informed Officer Underwood that he did not go through the proper channels to report the infractions that took place.

At 2:23 PM the hearing was suspended and reconvened at 2:27 PM and was again suspended at 2:29 PM and reconvened at 2:32 PM.

V.    PRESENTATION BY EMPLOYEE

WITNESSES:  COI Keith Braswell employed at Draper Correctional Facility and Sgt. Smiley employed at Red Eagle Honor Farm.

Officer Underwood questioned his first witness, Mr. Braswell about incidents regarding employees of Red Eagle Honor Farm misusing their leave, taking State property away from Red Eagle Honor Farm to use for personal gain, and about being questioned by I & I. Warden Thomas reiterated that there's nothing unethical about shooting houses being built because they were used at Red Eagle Honor Farm on State property. Warden Thomas also stated that any donations made from outside agencies were acceptable because it was State property.

Sgt. Anthony Smiley was the second witness. Officer Underwood questioned Sgt. Anthony about incidents that took place in the kitchen. Warden Thomas stated that the proper channels weren't taken to report the infractions that occurred.

Closing arguments were made by Warden Hadley, Officer Underwood and Mr. Manasco. Warden Thomas ended the hearing for deliberation at 2:50 PM and reconvened at 3:09 PM.

VI.   REVIEW OF EMPLOYEE'S SERVICE RECORD

See exhibit "P1".


VII.  FINDINGS OF HEARING OFFICER

Under AR 208, Standards of Conduct and Discipline

V.A.2  Render full, efficient and industrious service     NOT GUILTY

Not guilty because the statements made do not warrant rendering full and
industrious service.

V.A.7  Observe all laws, rules, and regulations     GUILTY
V.A.8  Uphold, with integrity, the public's trust involved
     in their position     GUILTY

The most serious allegation would have been an ethical violation concerning Lt.
Naile taking Red Eagle Honor Farm property home. The consequences of this
allegation would have had career ending ramifications. Some of the incidents
cited by Officer Underwood may have been true. However, they were incidents
that were never properly reported.

This will be submitted to the Commissioner and the Commissioner's decision is
final. Warden Thomas will ask the Commissioner to reduce the level of
suspension from 10 days to 5 days. The Commissioner may accept or reject the
recommendations, direct a different corrective action to increase or decrease the
punishment or direct another hearing.

Hearing concluded at 3:10 PM.

VIII.  AUTHENTICATION


_____     11/02/06
Hearing officer                          Date


ENCLOSURES:

ADOC EXHIBITS
    "P-1"     Recommendation for suspension
    "P-2"     Officer Underwood's statement
    "P-3"     Investigative Report #06-10041 by I & I

# EXHIBIT 20

## EEOC COMPLAINT
## Roderick Underwood

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2006-04621 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Roderick Underwood** | ▉▉▉▉▉▉ | ▉▉▉▉ |

| Street Address | City, State and ZIP Code |
|---|---|
| **819 Carmori Place, Montgomery, AL 36110** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **DEPARTMENT OF CORRECTIONS** | **15 - 100** | **(334) 242-2510** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1290 Red Eagle Road,  Red Eagle Prison,  Montgomery, AL 36110** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE |
|---|
| Earliest                Latest |
| **08/22/2006** |
| ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment on November 7, 2001, as a Correctional Officer. During May of 2006 I submitted a statement as testimony at a co-workers disciplinary hearing. The statement outlined differences in treatment as well as other allegations of misconduct. At the conclusion of the hearing, an investigation was conducted regarding the statement I submitted.   Warder Charles Hadley told me that he was going to recommend my dismissal due to allegedly having made false statements. However, information submitted confirmed some of my allegations.  On August 22, 2006, I was granted a hearing. Contrary to procedures, there was no hearing officer present which means I was not afforded an impartial officer but rather Warden Hadley was allowed to preside over the hearing.   To my knowledge, a White officer submitted a statement and he was not disciplined in any manner.

I believe I am being discriminated against because of my race, Black and in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED
EEOC

AUG 2 3 2006

BIRMINGHAM DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Aug 23, 2006**          *Roderick Underwood*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# EXHIBIT 21

## EEOC COMPLAINT
### Anthony Smiley

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420 2006 04915 |

and EEOC

_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | | Date of Birth |
|---|---|---|
| **Anthony Smiley** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| **2455 Spruce Curve** | **Montgomery, Al 36107** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| **Alabama Department of Corrections** | **30** | **(334) 242-2510** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1290 Red Eagle Road** | **Montgomery, Al  36110** |

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

**March 2006**     **5/23/06**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the above named employer on March 22, 1999 as a correctional officer I.  On May 23, 2006, I was given a five day suspension, which was later reduced to a written reprimand.  I was told that the disciplinary action was for leaving my assigned post/work station.  I was never counseled about the incident.  I am aware of a White correctional officer who left his assigned post/work station and he was not disciplined.

I believe that I have been discriminated against because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED
SEP 1 4 2006
E.E.O.C.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 9-11-06 _____  Anthony Smiley Sr.<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# EXHIBIT 22

## EEOC COMPLAINT
## Keith Braswell

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2006-03632 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Keith Braswell** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| **846 Leiscester Drive, Montgomery, AL 36116** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **DEPARTMENT OF CORRECTIONS** | **15 - 100** | **(334) 242-2510** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1290 Red Eagle Road,  Montgomery, AL 36110** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest            Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment on September 9, 2002, as a Correctional Officer.    During May of 2006 I submitted a statement as testimony in a co-worker's disciplinary hearing.   The statement outlined violations of White employees who did not received disciplinary actions, as well as other allegations of misconduct involving White Staff and White Supervisory Staff.   Prior to me submitting the statement, I had no previous disciplinary history. However, since that time, my employment had been threatened by Warden Hadley (who was a part of the misconduct) and I have been reassigned to another facility and denied access to the Red Eagle Facility which denies me the opportunity to work my second job.    I was told that the allegations contained in my statement were unsubstantiated by an internal investigation. On June 19, 2006, I was again threatened with disciplinary action and falsely accused of failing to assist another officer.   Additionally, the employer has quashed a recommendation for a disciplinary action against an inmate that would also involve a White male officer.   The employer has failed to provide me with unbiased due process in that Warden Hadley is a participant and initiator of these actions. On August 11, 2006, I received notice of a pre-dismissal hearing.

I believe I have been discriminated against because of my race, Black and in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.  A similarly situated White male was not afforded this treatment.

RECEIVED

SEP 18 2006

DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Sep 18, 2006**        *Keith Braswell*<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT 23

## Administrative Regulation 206



**BOB RILEY**
GOVERNOR

# State of Alabama
# Alabama Department of Corrections

Research and Planning
P. O. Box 301501
Montgomery, AL 36130-1501

**Donal Campbell**
COMMISSIONER

January 27, 2004

ADMINISTRATIVE REGULATION                 OPR: PERSONNEL
NUMBER                    206

## HARASSMENT AND DISCRIMINATION POLICY

**I.    GENERAL**

This Alabama Department of Corrections (ADOC) Administrative Regulation
(AR) establishes departmental responsibilities, policies, and complaint procedures
for the fair and equitable treatment of all individuals.

**II.    POLICY**

The ADOC:

A.  Strictly prohibits any form of harassment whether based on sex, race, color,
religion, national origin, age, sexual orientation, ancestry, or disability.

B.  Strictly prohibits any form of discrimination in hiring, promotion, discharge,
pay, fringe benefits, job training, classification, referral, and other aspects of
employment on the basis of sex, race, color, religion, national origin, age,
sexual orientation, ancestry, or disability.

C.  Shall swiftly investigate and seek resolution of any complaint made under this
regulation.

D.  Strictly prohibits any form of reprisal or retaliation against complainants
under this regulation.

**III.    DEFINITIONS AND ACRONYM(S)**

A.    Harassment:  Any discriminatory and unwelcome conduct that is based on
an individual's race, color, religion, age, sex, national origin, sexual
orientation, ancestry, or disability.

Attachment ___2___

B.  <u>Sexual Harassment</u>:  Any unwelcome conduct of a sexual nature, including advances, requests for favors, remarks, sounds, gestures, physical contact, and display or circulation of material, that is subjectively or objectively offensive.

C.  <u>Verbal Harassment</u>:  Making statements which contain derogatory descriptions or stereotypes based on race, sex, color, national origin, age, sexual orientation, ancestry, or disability.

D.  <u>Physical Harassment</u>:  Pushing, shoving, touching, or other intentional acts committed in whole, or in part, because of the employee's race, sex, color, national origin, age, sexual orientation, ancestry, or disability; and the displaying of signs, pictures, cartoons, written statements or other materials that belittle or discriminate against any employee based on one's race, sex, color, national origin, age, sexual orientation, or disability.

E.  <u>Discrimination</u>:  Adverse treatment or consideration based on class or category rather than individual merit.

F.  <u>Individual</u>:  Employees, contractors, volunteers, vendors, customers, visitors, and other persons involved with the ADOC.

G.  <u>Reprisal/Retaliation</u>:  Any punishment, adverse consideration, or undeserved treatment as a result of filing a complaint.

H.  <u>Equal Employment Opportunity (EEO) Officer</u>:  An employee designated by the department to review, investigate, and resolve, complaints of harassment and discrimination.

IV.  **RESPONSIBILITIES**

A.  Wardens and Divisional Directors are responsible for ensuring the implementation and adherence to this policy.

B.  ADOC employees and other affected individuals are responsible for reporting incidents of harassment and discrimination as prescribed in the procedures below.

C.  The Equal Employment Opportunity Officer will receive, review, investigate, and seek resolutions to complaints of harassment and discrimination.

V.  **PROCEDURES**

A.  Each Warden and Division Director shall designate a supervisory level employee to serve in an EEO Officer capacity.

AR206 – January 27, 2004

B.  Any individual who believes he/she has been harassed or has witnessed harassment, or believes that adverse decisions concerning his/her employment were based on unlawful discrimination, shall:

1.  Promptly report the incident to the Institutional/Divisional EEO Officer or supervisor.

2.  In the event the alleged perpetrator is the Institutional/Divisional EEO Officer, the complainant shall report to the Departmental EEO Officer or the ADOC Personnel Division Director.

3.  Any allegations regarding the Departmental EEO Officer or the Personnel Division Director shall be reported to the Commissioner.

4.  If an individual feels that the Commissioner of the ADOC has subjected him/her to unlawful discrimination or harassment, he/she should report these allegations to the Director of the Alabama State Personnel Department.

C.  Under no circumstances shall an individual's complaint of harassment or discrimination be filed with or appealed to the alleged perpetrator.

D.  Reports of complaint, if possible, should be in writing, but may be oral.

E.  The filing and investigation of complaints shall consist of three (3) steps.

1.  **Step One** :  The complaint should be reported to the Institutional/Divisional EEO Officer or immediate supervisor in Writing outlining the problem.

a.  Employees must use ADOC Form 206, Harassment and Discrimination Complaint Form.

b.  The complaint must be submitted within five (5) working days of the occurrence of the incident causing the complaint. In addition to the complaint form, the employee may present written statements or affidavits from witnesses.

c.  The Institutional/Divisional EEO Officer or the immediate supervisor must respond to the complaint within five (5) working days.

2.  **Step Two** :  If the employee is not satisfied with the Institutional/Divisional EEO Officer or immediate supervisor's response, he/she may, within five (5) working days, file an appeal to the Warden or Division Director.

AR206 – January 27, 2004

a.   The Step two appeal must be made on ADOC Form 206. A copy of ADOC Form 206 filed at Step One should be attached.

b.   The Warden or Division Director will, after investigating the complaint, respond to the employee's complaint within seven (7) working days.

3.   **Step Three**:  An employee who is not satisfied with the response at Step Two may appeal to the Departmental EEO Officer or the Personnel Division Director within five (5) working days after receiving the Step Two response.

a.   The Step Three appeal must be filed an ADOC Form 206. A copy of ADOC Form 206 filed at Step One and Two should be attached.

b.   The Departmental EEO Officer or the Personnel Division Director will, after review of the complaint, determine whether to meet with the employee to discuss the complaint or determine if further investigation is appropriate.

c.   Following the meeting/investigation, the Departmental EEO Officer or the Personnel Division Director will submit his/her findings along with a recommendation for solution to the Commissioner within seven (7) working days.

F.   Any employee who desires to file a complaint of discrimination or harassment against an immediate or a higher level supervisor can by-pass Steps One and Two, and file the complaint at Step Three. When using this special complaint procedure, the employee must provide enough information to justify bypassing Steps One and Two.

G.   An applicant or employee, who is dissatisfied with the complaint resolution provided by the Commissioner, or has reason to believe that he/she has been discriminated against because of race, sex, color, gender, national origin, sexual orientation, or disability, within the work force, may appeal the Department's decision directly to the State Personnel Department Director.

H.   The employee or supervisor who receives an oral complaint of harassment or discrimination shall promptly document and forward it to the Institutional/Divisional EEO Officer, Warden, or Division Director.

I.   If the complaint is against the Institutional/Divisional EEO Officer, Warden, or Division Director, the receiving employee or supervisor shall

4 of 6

AR206 – January 27, 2004

forward the documentation to the Departmental EEO Officer or the Personnel Division Director.

**VI.**  **DISPOSITION**

The disposition of forms prescribed by this regulation will be in accordance with the Department's Records Disposition Authority.

**VII.**  **FORMS**

This regulation implements ADOC Form 206, Harassment and Discrimination Complaint Form.

**VIII.**  **SUPERCEDES**

This Administrative Regulation supersedes Administrative Regulation 206 dated February 22, 2000, as amended.

**IX.**  **PERFORMANCE**

This administrative regulation updates policy and procedures concerning harassment and discrimination of employees or otherwise affected individuals and is based on the laws below:

A.    Title VII of the Civil Rights Act of 1964, as amended.
B.    Age Discrimination in Employment Act of 1967, as amended.
C.    Rehabilitation Act of 1973, as amended.
D.    The Americans with Disabilities Act of 1990

**ANNEXES:**
ADOC Form 206

Donal Campbell, Commissioner

AR206 – January 27, 2004

## HARASSMENT AND DISCRIMINATION
### Complaint Form

Name _____ Date _____

Institution/Division_____ Job Classification_____

Supervisor's Name_____ Section/Shift_____

Nature of complaint_____

_____

_____

Remedy Sought_____

_____

_____


_____
Signature of Complainant

| Date Filed | Date Completed |
|---|---|
| Step 1: | Step 1: |
| Step 2: | Step 2: |
| Step 3: | Step 3: |

Decision at Step: _____

_____

_____

_____

_____     _____     _____
Signature of Responder              Date                          Title

**ADOC Form 206**
**Revision Date: January 2004**

AR206 – January 27, 2004

7 of 6

# EXHIBIT 24

Administrative Regulation 208



*State of Alabama*

*Alabama Department of Corrections*

**BOB RILEY**
GOVERNOR

301 S. Ripley Street
P. O. Box 301501
Montgomery, AL 36130

**DONAL CAMPBELL**
COMMISSIONER

June 14, 2005

ADMINISTRATIVE REGULATION
NUMBER                    208

OPR: PERSONNEL

## EMPLOYEE STANDARDS OF CONDUCT AND DISCIPLINE

### I.    GENERAL

This Alabama Department of Corrections (ADOC) Administrative Regulation (AR) establishes responsibilities, policies, and procedures concerning employee behavior/work performance and provides a guide to implement disciplinary action when necessary.

### II.    POLICY

It is the policy of ADOC that employees maintain the highest level of behavior and efficiency, reflect the best image of public service, and uphold with integrity the public confidence entrusted in them. If an employee's behavior or performance does not comply with these standards, progressive discipline shall be utilized to correct unsatisfactory work performance and employee misconduct.

### III.    DEFINITION(S) AND ACRONYM(S)

A.    Active Corrective Action: A corrective action issued within the previous 12 month period.

B.    Appointing Authority:    ADOC Commissioner.

C.    Counseling Session: An informal corrective tool used to advise, counsel, or coach an employee regarding undesirable behaviors in lieu of initiating formal disciplinary procedures.

D.    Discipline: The imposition of sanctions for the purpose of correcting or changing undesirable behaviors.

E.    Dismissal: A step in the formal progressive discipline process in which the employee is discharged from employment for unsatisfactory job performance or misconduct.

F.    Due Process:    For the purposes of this AR, affording an employee the opportunity to respond prior to imposing discipline. Depending on the level of discipline, this should include allowing the employee to provide written comments, rebuttal, or a due process hearing.

G.    Employee: For the purpose of this regulation, any person employed by the ADOC as a full-time, part-time, or temporary employee. All other persons such as contractors, vendors, and volunteers are also subject to the ADOC's Standards of Conduct and this regulation, and failure to adhere to these regulations may result in being removed and/or barred from an ADOC institution/division.

AR 208 – June 14, 2005

Attachment **4**

H.     <u>Employee 201 File</u>:  An employee's personnel file that is maintained at ADOC Personnel.  The institution/division version shall be referred to as the Employee Personnel Institution/Division File.

I.     <u>Employee Institution/Division File</u>:  An employee's personnel file maintained at the institution/division.

J.     <u>Family Member</u>:  For the purposes of this regulation, an employee's spouse, child, stepchild, grandchild, parent, grandparent, sibling, aunt, uncle, mother-in-law, father-in-law, brother-in-law, sister-in-law or any known relative.

K.     <u>Formal Discipline</u>:  Includes the following steps of discipline: Warning, Written Reprimand, Suspension, Involuntary Demotion, or Dismissal.

L.     <u>Hearing Officer</u>:  Wardens or other employees designated by the ADOC Commissioner.

M.     <u>Inactive Corrective Action</u>:  A corrective action that was finalized/served on an employee more than 12 months prior to the action being contemplated.

N.     <u>Informal Discipline</u>:  Counseling Session.

O.     <u>Inmate</u>:  Any person committed to the custody of the ADOC to serve a state prison sentence.

P.     <u>Involuntary Demotion</u>:  A step in the <u>formal</u> progressive discipline process in which the employee is assigned to a position in a lower classification for failure to satisfactorily meet the job expectations of a higher assigned classification.

Q.     <u>Job Abandonment</u>:  Three (3) consecutive days of unexcused absences where the employee fails to call in or report for duty and there is no supervisory contact with the employee.

R.     <u>Legal Counsel</u>:  For the purposes of this regulation, an attorney licensed to practice law in the State of Alabama or a person designated by the employee.

S.     <u>Presenting (Charging) Official</u>:  Wardens/Division Directors, or designees, who charges an employee with a disciplinary infraction and subsequently presents the charge to a Hearing Officer or other appropriate person designated under this regulation.

T.     <u>Progressive Discipline</u>:  The process of administering corrective actions in a step format that allows an employee an opportunity to change undesirable behavior.

U.     <u>Sexual Misconduct</u>:  Any behavior or act of a sexual nature directed toward an employee, volunteer, visitor, inmate, or agency representative. This includes but is not limited to:

     1.     Acts or attempts to commit such acts as sexual assault, sexual abuse, sexual harassment, sexual contact, actions designated for the gratification of any party, conduct of a sexual nature or implication, obscenity and unreasonable invasion of privacy.

     2.     Conversations or correspondence, which suggests a romantic or sexual relationship between any parties mentioned above.

     3.     Any act of sexual conduct as described in Code of Alabama 1975, Section 14-11-30.

V.    <u>Suspension</u>:  A step in the <u>formal</u> progressive discipline process that places the employee in an inactive work status without pay for a specific period of time.

W.    <u>Tardy</u>:  Arriving at duty/work station after the start of assigned duty/shift starting time without prior supervisory approval.  Employees more than seven (7) minutes late shall also be placed in leave (paid or unpaid) status.

X.    <u>Unexcused Absence</u>:  Reporting to work later than two (2) hours after the start of assigned duty/shift time without prior supervisory approval.

Y.    <u>Warning</u>:  A step in the <u>formal</u> progressive discipline process that admonishes undesirable behaviors.

Z.    <u>Working days</u>:  For the purpose of this regulation in establishing timeframes for processing disciplinary actions, Monday through Friday, excluding state holidays.

AA.   <u>Written Reprimand</u>:  A step in the <u>formal</u> progressive discipline process that censures undesirable behaviors.

## IV.    <u>RESPONSIBILITIES</u>

A.    The Commissioner shall:

    1.    Ensure that ADOC employees are held accountable for their behavior in a fair and consistent manner.

    2.    Through his/her duty as the appointing authority, act on recommendations for formal corrective actions at the level of Written Reprimand through Dismissal. The Commissioner may designate a Deputy Commissioner or Institutional Coordinator the authority to authorize a Written Reprimand.

B.    The Personnel Division Director shall be responsible for ensuring that:

    1.    The standards of conduct and discipline policy for the ADOC is consistent with State Personnel policy and applicable employment laws.

    2.    All corrective actions submitted by ADOC Wardens/Division Directors at the level of Written Reprimand through Dismissal are carried out in a timely, consistent, and fair manner.

C.    Wardens/Division Directors shall ensure that:

    1.    All new employees are thoroughly orientated as to the content of this regulation, and that all ADOC employees under his/her supervision review this regulation at least once annually.

    2.    The concept of progressive discipline is applied fairly, consistently, and in a timely manner.

    3.    A copy of this regulation is posted on employee accessible bulletin boards.

        4.    Service in the capacity of hearing officer is provided as scheduled by the Personnel Division.

D.    The General Counsel is responsible for ensuring that ADOC disciplinary procedures comply with applicable laws and providing legal representation of the ADOC and its employees, when appropriate.

E.    It is the responsibility of all employees to adhere to the contents of this regulation.

## V.   **PROCEDURES**

A.    All ADOC employees shall adhere to the following standards:

1.    Report for work on time and in a condition to perform their job properly.

2.    Render full, efficient, and industrious service.

3.    Respond promptly to directions and instructions of supervisor.

4.    Exercise courtesy and tact.

5.    Maintain a clean and neat appearance.

6.    Protect and conserve funds, property, equipment and materials.

7.    Observe all laws, rules and regulations.

8.    Uphold, with integrity, the public's trust involved in their position.

9.    Prevent any abuse of authority attached to the use of a badge that does not relate to a correctional officer performing and executing his/her duties in accordance with Title 14, Code of Alabama 1975, as amended.

10.    Immediately inform and provide a written report to the Warden/Division Director regarding any incident of arrest or conviction of a felony or misdemeanor (except minor traffic violations), arrest/conviction for Driving Under the Influence and any requirement to appear as a defendant in a criminal court.

11.    Obtain prior approval from the Warden/Division Director before becoming financially involved with an inmate.

12.    Promptly report any incidents of sexual misconduct.

13.    Report all instances when the ability to supervise a subordinate employee is affected by a personal and/or non-working relationship with that employee.

14.    Notify the Warden/Division Director immediately and follow the inmate visiting regulations when a family member is incarcerated in the ADOC.

15.    Complete a written report (ADOC Form 302-A, Incident Report) of all unusual incidents that occur during a tour of duty.

16. Submit to a personal search whenever required by the proper authority. This search may also be extended to the employee's personal property and vehicle located on ADOC owned or state-owned property.

18. Obtain approval for any absence from work. Tardiness, failure to follow proper call-in procedures, and unexcused absences shall subject the employee to disciplinary action.

19. Submit to drug testing as required by AR 227, Controlled Substance Testing for Employees of the Alabama Department of Corrections.

20. Cooperate with investigations to include, but not limited to, providing information or verbal/written statements in connection with employment, investigation, or incident reports.

B. Each employee's conduct shall, at all times, be consistent with the maintenance of proper security and welfare of the institution and of the inmates under his/her supervision.

C. Employees shall **not**:

1. Report for duty or exercise supervision or control over inmates while under the influence of an intoxicant and/or illegal drug.

2. Report for duty or exercise supervision or control over inmates while under the influence of a narcotic, barbiturate, hallucinogenic drug, central nervous system stimulant or depressant. Exceptions may be made only for medications that have been prescribed by and are taken under a doctor's care, and only if such medications do not impair the employee in performing his/her required job duties (the employee's supervisor shall be notified prior to the beginning of the tour of duty in these instances).

3. While on duty, use or be under the influence of intoxicants or illegal drugs.

4. Use profane, abusive, or threatening language in communication with other employees, the public, or when supervising inmates.

5. Abuse inmates in any manner.

6. Trade, barter, or accept a gift from or give a gift to an inmate, an inmate's family, or any other person on behalf of that inmate, or those on parole.

7. Correspond or fraternize socially with an inmate or an inmate's family, unless approved by the Warden/Director of the employee and of the inmate.

8. Show partiality toward or become emotionally involved with an Alabama State inmate or parolee.

9. Take any article or property whatsoever from any institution or from state property not specifically authorized by regulation.

10. Introduce into any institution or bring upon an ADOC state property any article or property that is not authorized by written directive nor has the approval of the Warden/Division Director.

AR 208-- June 14, 2005

11. Recommend or furnish any advice concerning the selection of a specific lawyer for an inmate.

12. Carry any weapon, chemical agents, or ammunition into the institution or on the grounds of any ADOC state property, except as authorized by the Warden/Division Director.

13. Have keys to any area of an ADOC facility without authorization.

14. Abuse sick leave. (Refer to AR 220, Departmental Leave)

15. Deliberately or carelessly misuse state equipment or supplies resulting in loss or damage.

16. Disregard ADOC procedures concerning the proper conduct and notification when family members are incarcerated in the Alabama Prison System. (Refer to AR 318, Staff/Inmate Relationships)

17. Apply physical force to an inmate, except and only to the degree that is reasonably necessary in self-defense, to prevent an escape, to prevent an injury to a person or the destruction of property, to quell a disturbance, or to restrain an inmate who exercises physical resistance to a lawful command. (Refer to AR 327, Use of Force)

18. Use ADOC owned property or any state-owned property for his/her personal use without the approval of the Commissioner.

19. Provide any information relative to the ADOC to any source including newspapers, radio, television, or any other source or agency except as directed by ADOC regulations. (Refer to AR 005, Public and Community Relations)

20. Provide false information, alter an investigation or incident report, and/or intentionally omit facts pertinent to the inquiry.

D. Security employees, except by the written approval of the ADOC Commissioner, shall be prohibited from engaging in law enforcement or investigative work.

E. Employees shall be subject to disciplinary action for falsifying or failure to sign documents in connection with the application process, their job duties, performance evaluation, or a departmental requirement.

F. A security employee shall be subject to dismissal action for the conviction of an offense that disqualifies him/her from employment as a law enforcement officer under the Alabama Peace Officers Standards and Training Commission Rules and Regulations (Title 36, Code of Alabama, 1975).

G. **Employee Discipline**--Employee discipline shall consist of both formal and informal procedures.

1. A history of all formal corrective actions shall be recorded on ADOC Form 208-A, Corrective Action History Record, for each employee.

2.   Formal corrective actions shall be indicated on the Corrective Action History Record as the date notified by letter from the ADOC Commissioner/Warden/Division Director.

3.   The Corrective Action History Record shall be retained in the employee's 201 file and Institution/Division file as the first (top) record on the left side of the folder in chronological order with the latest date on top.

4.   When implementing or recommending formal discipline, the Warden/Division Director shall consider active and inactive corrective actions received by the employee as indicated below:

   a.   Warning - Only active corrective actions.

   b.   Written Reprimand - Only active corrective actions.

   c.   Suspension - Only active corrective actions.

   d.   Involuntary Demotion - All active and inactive corrective actions.

   e.   Dismissal - All active and inactive corrective actions.

5.   Formal discipline shall be indicated on the employee's Performance Appraisal Form for the rating period in which the action was received as follows:

   a.   A warning shall be indicated for the appropriate non-compliance area in the Work Habits Section and a zero (0) disciplinary score shall be annotated on the form.

   b.   A seven-point (7) disciplinary score shall be deducted from the employee's responsibility score on the appraisal form if a Written Reprimand was received during the rating period.

   c.   A seventeen-point (17) disciplinary score shall be deducted from the employee's responsibility score on the appraisal form if a Suspension was received during the rating period.

   d.   Only a disciplinary score for the highest corrective action that the employee received within a rating period shall be deducted from the responsibility score on the Performance Appraisal Form. Supervisors shall not combine scores for various disciplines.

H.   **Informal Corrective Action--Counseling Session**

1.   The Counseling Session, ADOC Form 208-B, is an informal corrective tool that shall be conducted between the supervisor and the subordinate.

AR 208-- June 14, 2005

2.    The Warden/Division Director may review the Counseling Session prior to the document being served on the employee.

3.    The Counseling Session shall be conducted in a private setting without embarrassment to the employee.

4.    A record of informal corrective actions shall not be maintained or annotated in the employee's 201 file or the Institution/Division file. A record of informal corrective actions may be retained in a separate file for training purposes and supervisory reference.

5.    During the Counseling Session, the supervisor shall provide counseling to the employee, assist the employee in identifying unacceptable behaviors, and offer specific ways or opportunities in which the employee can correct/improve the undesired behavior.

6.    The Warden/Division Director may delegate the authority to conduct informal corrective action sessions to subordinate supervisors.

I.    **Formal Corrective Action- Warning**

1.    The Counseling Session/Warning, ADOC Form 208-B, shall be submitted to the Warden/Division Director for approval prior to being served on the employee.

2.    The supervisor shall, along with the Warden/Division Director, serve the Warning in a private setting without embarrassment to the employee.

3.    The employee shall be informed of the specific offense and given the opportunity to explain and suggest ways in which his/her behavior can be improved.

4.    The employee's response shall be annotated on the form in the designated area.

5.    A copy of the completed form shall be given to the employee, a copy placed in the employee's institution/division file, and a copy shall be forwarded to the ADOC Personnel Division for inclusion in the Employee 201 file.

J.    **Formal Corrective Action-Written Reprimand**

1.    The Warden/Division Director should complete and submit ADOC Form 208-C, Written Reprimand, to the ADOC Personnel Director before the written reprimand is served on the employee. The written reprimand should be filed with the ADOC Personnel Director within ten (10) working days from the date of the incident or at the conclusion of all outside investigations. Upon submission of written justification, an extension of time may be granted, for cause, by the Deputy Commissioners.

2.    The ADOC Personnel Division should have twenty (20) working days to review and process the action and forward all documents to the appropriate parties (i.e. Commissioner's designee, Deputy Commissioners, Institutional Coordinator, Division Directors) for review and approval to serve on the employee. The review and approval by the Commissioner's designee, Deputy Commissioners, Institutional Coordinators, and Division Directors shall include ensuring the proposed action is procedurally correct and in accordance with this regulation and within the range of punishment set

AR 208-- June 14, 2005

out in this regulation. This review and approval does not include the merits or underlying factual allegations of the action.

3. If the written reprimand stands, the Warden/Division Director shall conduct the written reprimand in a private setting without embarrassment to the employee. The Warden/Division Director shall inform the employee of the specific offense and give the employee an opportunity to respond.

4. The Warden/Division Director should inform the employee that after receipt of the Written Reprimand the employee has five (5) working days to submit a written rebuttal.

5. The Warden/Division Director should consider the employee's rebuttal and shall inform the employee in writing whether the written reprimand will stand. If the Warden/ Division Director, after reviewing the rebuttal, determines that the written reprimand is unwarranted, the Warden/Division Director shall notify the employee and the ADOC Personnel Director, and the written reprimand shall be expunged from all records.

6. The written reprimand shall stand if the employee fails to submit a written rebuttal within the allotted five-day (5) working day's timeframe.

7. A copy of the written reprimand including the employee's rebuttal statement and the Warden/Division Director's response to the rebuttal shall be placed in the employee's institution/division file and a copy shall be forwarded to the ADOC Personnel Division for inclusion in the employee's 201 file.

## K.    Formal Corrective Action -Suspension

1. The maximum number of days an employee can be suspended is twenty (20) working days per infraction. An employee cannot be suspended for more than thirty (30) calendar days per 12-month period.

2. The Presenting (Charging) Official should submit AR 208 Annex A, Sample Notice of Recommendation for Suspension, through the ADOC Personnel Director for review and concurrence by the appropriate Deputy Commissioner and/or Division Director. The Notice of Recommendation for Suspension should be submitted to the ADOC Personnel Director within ten (10) working days from the date of the incident or at the conclusion of all outside investigation. The review and concurrence by the appropriate Deputy Commissioner and/or Division Director shall include ensuring the proposed action is procedurally correct and in accordance with this regulation and within the range of punishment set out in this regulation. This review and approval does not include the merits or underlying factual allegations of the action. The written notice of suspension must state the charges in sufficient detail to permit the employee to prepare for the hearing.

3. The ADOC Personnel Division should have twenty (20) working days to review the action and forward all documents to the appropriate parties (i.e. Commissioner's designee, Deputy Commissioners, Institutional Coordinator, Division Directors) for review and approval to serve on the employee. The review and concurrence by the appropriate Deputy Commissioner and/or Division Director shall include ensuring the proposed action is procedurally correct and in accordance with this regulation and within the range of punishment set out in this regulation. This review and approval does not include the merits or underlying factual allegations of the action.

AR 208—- June 14, 2005

4.   Upon receipt of this information from the ADOC Personnel Division, the Presenting (Charging) Official/designee should have three (3) working days to serve the Notice of Recommendation for Suspension on the employee unless the employee is not available.

5.   After the employee has been served, he/she will be scheduled for a hearing by the ADOC Personnel Division. The employee may elect to waive a hearing, ADOC Form 208-D, Employee Hearing Waiver, and accept the action recommended by the Warden/Division Director, subject to approval by the Commissioner.

   a.   Hearing Officers may include Wardens or other employees designated by the ADOC Commissioner. The person designated will conduct a hearing to receive information in support of and against the reasons for the suspension. This person will evaluate the information and make a recommendation to the Commissioner.

   b.   The hearing will be tape-recorded and the Presenting (Charging) Official shall retain the tape for two (2) years for future reference at the Warden/Division office.

   c.   The employee may have legal counsel participate at the hearing at their own expense, and may call witnesses who have direct knowledge of the actions/incidents upon which the charges are based. Employees may also present evidence during the hearing.

   d.   The Hearing Officer should, within ten (10) working days following the hearing, forward a typed copy of the hearing proceedings to the ADOC Personnel Division. The format reflected in AR 208 Annex B, Record of Administrative Hearing, shall be followed.

6.   After considering the recommendation of the Presenting (Charging) Official, information presented during the hearing, and the findings of the hearing officer, the Commissioner may:

   a.   Approve/Disapprove the suspension recommendation of the Charging Official.

   b.   Direct that a different corrective action be taken to include an increase or decrease of punishment.

   c.   Direct a new hearing on the matter.

7.   The Commissioner shall render the final decision regarding a suspension recommendation.

8.   Upon approval of a suspension, the ADOC Personnel Division shall contact the Warden/Division Director for a list of potential suspension dates.

9.   The ADOC Personnel Division will prepare the suspension letter for the Commissioner's signature. After the Commissioner has signed the suspension letter, the suspension letter will be forwarded to the Warden/Division Director to be served on the employee. The letter shall be served to the employee in a private setting.

AR 208-- June 14, 2005

10. The suspension letter shall be given to the employee, a copy of the letter with the employee's dated signature and acknowledged receipt shall be forwarded to the ADOC Personnel Division and a copy shall be retained in the employee's Institution/Division 201 file.

L. **Formal Corrective Action-- Involuntary Demotion**

1. Demotions may occur with the approval of the appointing authority and State Personnel under the following circumstances. Wardens/Division Directors may recommend an employee be demoted after a thorough review of the employee's work history, annual evaluations, and disciplinary actions.

   a. Employees may voluntarily request a demotion to a lower classification.

   b. Involuntary demotions may occur during a departmental layoff.

   c. The appointing authority may direct a demotion to a job classification more comparable to the employee's level of performance. In cases where demotions are directed, the appointing authority may use this action in lieu of dismissal or when it's deemed necessary for the good of the ADOC.

2. The Warden/Division Director shall submit AR 208 Annex C, Sample Notice of Intent to Recommend Demotion, to the ADOC Personnel Director for review and administrative approval and concurrence by the appropriate Deputy Commissioner and/or Institutional Coordinator. The Notice of Intent to Recommend Demotion should be submitted to the ADOC Personnel Division Director within ten (10) working days from the date of the incident or at the conclusion of all outside investigations. The administrative approval and concurrence by the appropriate Deputy Commissioner and/or Division Director shall include ensuring the proposed action is procedurally correct and in accordance with this regulation and within the range of punishment set out in this regulation. This review and approval does not include the merits or underlying factual allegations of the action.

3. The ADOC Personnel Division should have twenty (20) working days to review and process the action and forward all documents to the appropriate parties (Commissioner's designee, Deputy Commissioners, Institutional Coordinator, and Division Directors) for review and approval to serve on the employee.

4. Once the ADOC Personnel Division has received the approval, changes, and/or comment(s) back from the reviewing parties, the ADOC Personnel Division shall email the Presenting (Charging) Official of the approval and/or changes. Upon receipt of this information from the ADOC Personnel Division, the Presenting (Charging) Official shall have three (3) working days to serve the Notice of Intent to Recommend Demotion on the employee unless changes are to be made. If changes are to be made the Warden/Division Director will be advised by the ADOC Personnel Division.

5. After the employee has been served, the ADOC Personnel Division will schedule him/her for a hearing. The employee may elect to waive a hearing, ADOC Form 208-D, Employee Hearing Waiver, and accept the action recommended by the Warden/Division Director, subject to approval by the Commissioner.

    a.    hearing Officers may include Wardens or other employees designated by the ADOC Commissioner.

    b.    The hearing will be tape-recorded and the Presenting (Charging) Official shall retain the tape for two (2) years for future reference.

    c.    The employee may have legal counsel participate at the hearing.

    d.    The Presenting (Charging) Official should, within ten (10) working days following the hearing, forward a typed copy of the hearing proceedings to the ADOC Personnel Division. The format reflected in AR 208 Annex B, Record of Administrative Hearing, shall be followed.

    e.    The Presenting (Charging) Official shall also include a cover letter to the ADOC Commissioner indicating whether or not the recommendation to involuntarily demote the employee stands, or recommends a different course of action.

6.    After considering the recommendation of the appropriate Deputy Commissioner, Institutional Coordinator, and the ADOC Personnel Division Director, information presented during the hearing, and the findings of the hearing Warden, the Commissioner may:

    a.    Approve/Disapprove the demotion recommendation of the Presenting (Charging) Official.

    b.    Direct that a different corrective action be taken to include an increase or decrease of the punishment.

    c.    Direct a new hearing on the matter.

7.    The Commissioner shall render a departmental decision regarding the intention to demote. This action is subject to the approval of the Director of State Personnel.

8.    Upon approval of the demotion, the ADOC Personnel Division will prepare the demotion letter for the Commissioner's signature. After the Commissioner has signed the letter, the demotion letter will be forwarded to the Warden/Division Director to serve on the employee. The letter shall be served to the employee in a private setting. This letter should specifically advise the employee that he/she has a right to appeal this action to the State Personnel Director within ten (10) days.

9.    The demotion letter shall be given to the employee, a copy of the letter with the employee's dated signature and acknowledged receipt shall be forwarded to the ADOC Personnel Division and a copy shall be retained in the employee's Institutional/Divisional 201 file.

10.    The employee shall be informed of the requirement that the Director of State Personnel reviews and approves demotions. The Director shall make such investigation of the circumstances as he/she may consider necessary and then, not later than ten (10) days after the receipt of the notice of the intention to demote the employee, shall either approve the demotion, approve the transfer of the employee to a position under a jurisdiction of another appointing authority, or order a hearing before the Personnel Board or a hearing examiner to determine the merits of the proposed action.

M.    **Formal Corrective Action- Dismissal**

1.    The Warden/Division Director shall submit Annex D, Sample Notice of Pre-Dismissal Conference, to the ADOC Personnel Division Director for review and administrative approval prior to being served on the employee. The Notice of Pre-Dismissal Conference letter should be submitted to the ADOC Personnel Director within ten (10) working days from the date of the incident or at the conclusion of all outside investigations.

2.    The ADOC Personnel Division should have twenty (20) working days to review the action and forward all documents to the appropriate parties (Commissioner's designee, Deputy Commissioners, Institutional Coordinator, and Division Directors) for review and approval to serve on the employee. The review and approval by the appropriate Commissioner's designee, Deputy Commissioner, Institutional Coordinator, or Division Director shall include ensuring the proposed action is procedurally correct and in accordance with this regulation and within the range of punishment set out in this regulation. This review and approval does not include the merits or underlying factual allegations of the action.

3.    Once the ADOC Personnel Division has received the approval, changes, and/or comments back from the reviewing parties, ADOC Personnel shall email the Warden/Division Director of the approvals and/or changes. Upon receipt of this information from the ADOC Personnel, the Warden/Division Director should have three (3) working days to serve the Notice of Pre-Dismissal Conference letter on the employee, unless changes are to be made. If changes are to be made the Warden/Division Director will be advised by the ADOC Personnel Division.

4.    After the employee has been served, he/she will be scheduled for a pre-dismissal conference with the Warden/Division Director. The pre-dismissal conference should be held at least five (5) working days after the employee's receipt of the Notice of Pre-Dismissal Conference letter. The purpose of this conference is to allow the employee to respond to the charges, explaining his/her side of the alleged charges. The employee may resign in lieu of attending the pre-dismissal conference (refer to Annex F, Sample Resignation from Employment). The discussion is informal. The employee is allowed to present written statements of witnesses or any other information with regard to the charges. With exception of representation, attendance and participation by persons other than recommending officials and employee is at the discretion of the recommending official.

5.    The Warden/Division Director should, within three (3) working days, forward the typed Annex E, Sample Summary of Pre-Dismissal Conference, and all documents pertaining to the conference to the ADOC Personnel Division.

6.    After considering the recommendation of the Warden and the information presented during the pre-dismissal conference, the Commissioner may:

    a.    Approve/Disapprove the dismissal recommendation of the Presenting (Charging) Official.

    b.    Direct that a different corrective action be taken to include a decrease in the punishment.

AR 208-- June 14, 2005

7. The Commissioner shall render a departmental decision regarding the intention to dismiss if the employee has permanent status. If the employee is a probationary employee, the Commissioner shall render the final decision on the dismissal.

8. Upon approval of the dismissal, the ADOC Personnel Division should prepare the dismissal letter for the Commissioner's signature. After the Commissioner has signed the letter, the dismissal letter will be forwarded to the Warden/Division Director to serve on the employee. The letter shall be served to the employee in a private setting.

9. The dismissal letter shall be given to the employee, a copy of the letter with the employee's dated signature and acknowledged receipt shall be forwarded to the ADOC Personnel Division and a copy shall be retained in the employee's Institution/Division file.

10. All permanent status employees will be advised, in their dismissal letter, that they should have ten (10) days from receiving written notice of the dismissal to appeal the dismissal before the State Personnel Board.

11. Under the provisions of Rule of the State Personnel Board, 670-X-18-.02, a permanent employee who has been dismissed may, within ten days after receiving written notice, appeal the dismissal by filing a written answer to the charges with the State Personnel Director, 64 North Union, Montgomery, AL, 36130.

N. Nothing in this regulation is intended to abrogate authority granted the Commissioner under Section 36-26-27, Code of Alabama, 1975, and 670-X-18-.02, Rules of the State Personnel Board.

O. The Annex H table, Table of Infractions/Level of Discipline, is intended to promote consistent discipline within the ADOC and guide supervisors at all levels when the imposition of discipline becomes necessary. At times, there are mitigating or aggravating circumstances surrounding the infraction, and as such, the appropriate level of discipline may be increased or decreased in relation to the table. To maintain consistency, the imposition of discipline that does not correspond with the table must be fully justified in writing and submitted to the ADOC Personnel Director who shall confer with the appropriate Deputy Commissioner. The Warden/Division Director requesting this variance shall be notified by the ADOC Personnel Director of the decision.

P. When the circumstances warrant, and an infraction can be effectively disciplined with informal discipline, a Counseling Session may be substituted in the sections of the table below where a Warning is listed. If the behavior is repeated and there is an active corrective action that was handled via a Counseling Session, the typical course of action would be to impose a Warning.

Q. If the employee is in a job classification, which allows for an involuntary demotion, a recommendation for an involuntary demotion may be considered as an appropriate level of discipline when mitigating or aggravating circumstances exist.

R. Job Abandonment – Three (3) consecutive days of unexcused absences where the employee fails to call in or report for duty and there is no supervisory contact with the employee.

1. An employee who abandons his/her job shall not be allowed to return to work.

AR 208–– June 14, 2005

2.  The Warden/Division Director shall submit Annex C, Sample Job Abandonment Letter, by certified mail (return receipt requested) to the employee.

3.  If the employee does not respond within seven (7) calendar days, the Warden/Division Director shall notify the ADOC Personnel Director and submit substantiating documentation.

4.  The ADOC Personnel Director shall prepare a letter of dismissal and forward it through channels for approval/signature by the Commissioner.

## VI.  DISPOSITION

Any forms will be disposed of and retained according to the Departmental Records Disposition Authority (RDA).

## VII.  FORMS

A.  ADOC Form 208-A, Corrective Action History Record

B.  ADOC Form 208-B, Counseling Session/Warning

C.  ADOC Form 208-C, Written Reprimand

D.  ADOC Form 208-D, Employee Hearing Waiver

## VIII.  SUPERCEDES

This regulation supercedes AR 208, dated July 26, 2000, and AR 207, dated May 11, 2004, and all changes thereafter. The portion of ADOC AR 220, Departmental Leave Policy, describing levels of discipline for tardiness and unexcused absences was also placed in this AR.

## IX.  PERFORMANCE

This administrative regulation updates departmental policies and procedures pertaining to employee discipline and is based on, but not limited to, the interpretation and application of the regulations and laws, as amended below:

A.  Code of Alabama, 1975, Title 36 and Title 14-11-30, as amended

B.  Rules of the State Personnel Board

C.  ADOC Administrative Regulations 005, 206, 217, 220, 227, 228, 318, and 327.

Donal Campbell, Commissioner

**ANNEX(S):**

Annex A – Sample: Notice of Recommendation for Suspension

Annex B - Record of Administrative Hearing

Annex C – Sample: Notice of Intent to Recommend Demotion

Annex D – Sample: Notice of Pre-Dismissal Conference

Annex E – Sample: Summary of Pre-Dismissal Conference

Annex F – Sample: Resignation from Employment

Annex G – Sample: Job Abandonment Letter

Annex H - Table of Infractions/Level of Discipline

ALABAMA DEPARTMENT OF CORRECTIONS

## CORRECTIVE ACTION HISTORY RECORD

| Name | SSN (Last 4 digits only) | Date Employed |
|------|--------------------------|---------------|

| Date Served | Type | Reason | Warden/Division Director |
|-------------|------|--------|--------------------------|

ADOC Form 208-A – June 14, 2005

AR 208--- June 14, 2005

ALABAMA DEPARTMENT OF CORRECTIONS
## COUNSELING SESSION

_____COUNSELING SESSION-INFORMAL    _____WARNING-FORMAL  (CHECK APPROPRIATE BLANK)

EMPLOYEE:_____    DATE IMPOSED: _____

CLASSIFICATION:_____    SSN:_____
                                    (Last four digits only)

REASON FOR THIS ACTION (CITE EMPLOYEE'S ACTION(S) AND RULES AND REGULATIONS VIOLATED): _____

_____

_____

_____

WAS EMPLOYEE AWARE OF RULES AND REGULATIONS VIOLATED?
_____ YES                _____NO

GUIDELINES   FOR   CORRECTIVE   ACTION   WHICH   WERE   GIVEN   TO   EMPLOYEE:

_____

_____

_____

NATURE OF RESPONSE BY EMPLOYEE: _____

_____

_____

_____

A WARNING IS CONSIDERED A PRELIMINARY DISCIPLINARY ACTION AND DOES NOT RESULT IN A PENALTY; HOWEVER, IT WILL APPEAR ON EMPLOYEE'S ANNUAL EVALUATION.

_____         _____
EMPLOYEE'S SIGNATURE & DATE         SUPERVISOR'S SIGNATURE & DATE

DISTRIBUTION:  If Counseling Session Informal: Supervisory File and Employee
               If Warning:  Original – ADOC Personnel Division
                            Copy – Institution/Division File
                            Copy – Employee

ADOC Form 208-B – June 14, 2005

AR 208--- June 14, 2005

## ALABAMA DEPARTMENT OF CORRECTIONS
## WRITTEN REPRIMAND

1. _____    _____    _____
     Employee – Print/Type              (S.S.# Last 4 digits)      Class/Title

   _____    _____
     Institution/Division                  Date of Incident

2.  Offense:

    _____

    _____

    Specific citation of Administrative Regulation violated:
    _____

    _____

    _____

    _____

3.  Facts related to offense (Specific details include times, dates, and locations.)

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

**ADOC Form 208-C – June 14, 2005 (Page 1 of 2 Pages)**

AR 208-- June 14, 2005

**ALABAMA DEPARTMENT OF CORRECTIONS**
**WRITTEN REPRIMAND (CONTINUED)**

Active corrective actions employee has received:

| Type | Offense | Date |
|------|---------|------|
|      |         |      |
|      |         |      |
|      |         |      |
|      |         |      |
|      |         |      |

4. You may submit a written rebuttal within five (5) working days in response to this reprimand. Your Warden/Division Director shall consider the rebuttal and decide whether or not the reprimand is to stand. If the decision is to implement the reprimand, the Warden/Division Director will inform you and, only then, forward a copy to the ADOC Personnel Division for filing in your personnel file. A copy will also be attached to your performance appraisal and shall result in a seven-point (7) disciplinary score and shall be deducted from the responsibility score.

_____    _____
WARDEN/DIVISION DIRECTOR - PRINT/TYPE        DATE SERVED

_____    _____
EMPLOYEE'S SIGNATURE                           DATE

_____    _____
WARDEN/DIVISION DIRECTOR'S SIGNATURE           DATE

DISTRIBUTION:
Original  -  ADOC Personnel Division
Copy      -  Institution/Division File
Copy      -  Employee

ADOC Form 208-C – June 14, 2005 (Page 2 of 2 Pages)

AR 208– June 14, 2005

**ALABAMA DEPARTMENT OF CORRECTIONS**
## EMPLOYEE HEARING WAIVER

In accordance with Alabama Department of Corrections Administrative Regulation 208, I do hereby waive my rights to a due process hearing and accept:

_____ day(s) of suspension without pay     or     demotion to the job classification of _____.

as disciplinary action for the charge of _____.

This waiver is not made as a result of any coercion, duress, threat, or promise. I was offered a due process hearing under Department of Corrections Administrative Regulation 208.

_____
SIGNATURE AND DATE

Sworn to and subscribed before me this the _____ day of _____.

_____
Notary Public
My Commission Expires: _____

DISTRIBUTION:
Original – ADOC Personnel Division
Copy – Institution/Division File
Copy - Employee

**ADOC Form 208-D – June 14, 2005**

AR 208-- June 14, 2005

## SAMPLE: NOTICE OF RECOMMENDATION FOR SUSPENSION

**MEMORANDUM**

TO: EMPLOYEE

FROM: WARDEN/DIVISION HEAD

SUBJECT:     Notice of Recommendation for Suspension

On June 7, 1997, at approximately 4:00 a.m., while making a security check Capt. Jones found you to be sleeping on your post. Capt. Jones observed you, in Dorm #12, sitting in a chair with your eyes closed asleep. Capt. Jones touched you on your shoulder and you opened your eyes in an incoherent manner.

Your action constitutes a violation of the following portions of ADOC Administrative Regulation 208, Employee Standards of Conduct and Discipline. You have been apprised of these standards of conduct and a copy of the regulation is posted on the bulletin board.

> (Select the appropriate reference(s) in Administrative Regulation 208 that pertains to the incident and place here in numerical order.)

In reviewing this action and determining the appropriate punishment, I have considered AR 208, (Select the most appropriate offense(s) in Administrative Regulation 208 and assign a penalty).

A review of your service record reflects the following <u>active</u> corrective action(s):

> (Place active corrective actions here in numerical order. If no active, please state.)

It is appropriate to convene a hearing under the provisions of AR 208 to receive my recommendation to suspend you from duty without pay for _____ days. The Hearing Officer will also consider your overall work record and length of service, as well as any information you present.

You will appear at a hearing to be scheduled at a later date. You may have someone to represent you, at your own expense. You may present information in your behalf and witnesses who have direct knowledge of the incident(s) resulting in this hearing. Character and multiple witnesses making the same statement are generally not allowed.

The ADOC Commissioner will receive and review the findings of the Hearing Officer, but is not bound by those findings. The Commissioner's decision is final with the ADOC.

**Annex A to AR 208 (Page 1 of 2 Pages)**

**AR 208–– June 14, 2005**

You may choose to waive the hearing by completing ADOC Form 208-D at any time prior to the convening of the hearing and accept a suspension without pay for _____ day(s), subject to approval by the ADOC Commissioner. A suspension imposed through a waiver, or otherwise, includes a stipulation that an employee will not be recommended for promotion until the completion of one year of creditable service after the period of the suspension.

Employee acknowledgement of receipt: _____  _____  _____

                                            SIGNATURE            DATE          TIME

Witness:_____

DISTRIBUTION:
Original – ADOC Personnel Division
Copy – Institution/Division File
Copy – Employee

**Annex A to AR 208 (Page 2 of 2 Pages)**

AR 208– June 14, 2005

## ALABAMA DEPARTMENT OF CORRECTIONS
## RECORD OF ADMINISTRATIVE HEARING

**Institution/Division:** _____

This hearing is hereby convened on _____ (date) at _____ am/pm under the authority of ADOC Administrative Regulation 208 dated _____ in the _____ (specify location) at _____(Institution/Division).

**Hearing Officer's name :** _____
NAME

    Job Title: _____

    Institution or Assignment:_____

**Presenting (Charging) Official:**_____
NAME

    Job Title:_____

    Institution or Assignment:_____

**Employee Being Charged:**_____
NAME

    Job Title:_____

    Assignment:_____

    Date of employment with ADOC: _____

    Home Address:_____

            _____

    Telephone:_____

Employee  is/is not  represented by counsel.

    Counsel's name:_____

    Office Address: _____

            _____

    Telephone: _____

**Annex B to AR 208 (Page 1 of 3)**

AR 208–- June 14, 2005

ALABAMA DEPARTMENT OF CORRECTIONS
## RECORD OF ADMINISTRATIVE HEARING (CONTINUED)

All witnesses are to be sworn in simultaneously or as each is called to provide testimony.

## WITNESSES:

Called by Presenting Official:
(List each by name and job title.  If non-ADOC employee, provide address and telephone number.)

Called by employee:
(List each by name and job title.  If non-ADOC employee, provide address and telephone number.)

## CHARGES

Hearing Official shall read the charges into the record or indicate that the employee waives the reading of the charges.

## PRESENTATION BY PRESENTING OFFICIAL

Identify exhibits-- Assign each with distinguishing, sequential numbering (P-1, P-2, .....)

Witness testimony (summary)

Cross examination by Employee/counsel (summary)

## PRESENTATION BY EMPLOYEE:

Identify exhibits-- Assign each with distinguishing, sequential numbering (E-1, E-2, .....)

Witness testimony (summary)

Cross examination by Presenting Official (summary)

**Annex B to AR 208 (Page 2 of 3)**

AR 208-- June 14, 2005

ALABAMA DEPARTMENT OF CORRECTIONS
## RECORD OF ADMINISTRATIVE HEARING (CONTINUED)

### SUMMATION

**PRESENTING OFFICIAL:**

**EMPLOYEE:**

(Excuse all participants for Hearing Officer deliberation.)

### REVIEW OF EMPLOYEE'S SERVICE RECORD:

A review of the employee's service record reflects the following <u>active</u> disciplinary action(s). (If the hearing is for demotion, also list inactive disciplinary action(s).):

Most recent three appraisal scores (indicate rating period).

### FINDINGS OF THE HEARING OFFICER:

The employee is found guilty/not guilty of the following ADOC AR 208 rule violations (<u>Be specific and provide finding for each charge</u>).

### Comments by Hearing Official:

OPTIONS OF THE COMMISSIONER (shall be explained to the employee as provided in AR 208):

A.    May approve or disapprove the recommendation of the Hearing Officer.

B.    Direct that a different corrective action be taken to include an increases or decrease of punishment.

C.    Direct another hearing on the matter.

The hearing was concluded at _____am/pm.

### AUTHENTICATION:

_____    Date: _____
   SIGNATURE OF HEARING OFFICER

Attachments:  (List)

**Annex B to AR 208 (Page 3 of 3)**

AR 208--- June 14, 2005

## SAMPLE: NOTICE OF INTENT TO RECOMMEND DEMOTION

**MEMORANDUM**

TO: EMPLOYEE

FROM: WARDEN/DIVISION HEAD

SUBJECT:    Notice of Recommendation for Demotion

On or about March 24, 2005 during a shakedown you used excessive force upon an inmate in the presence of several subordinates. The inmate received serious injuries and was transported to a local hospital. You also falsified the incident report and instructed several subordinate officers to lie on their reports.

Your actions constitute violation of the following portion of the ADOC Administrative Regulation 208, Employee Standards of Conduct and Discipline. You have been apprised of these standards.

> (Select the appropriate reference(s) in AR 208 that pertains to the incident and place here in numerical order.)

In determining the appropriate corrective action, I have considered the following ADOC references:

> (Select the most appropriate offense(s) in Administrative Regulation 208 and assign a penalty.)

A review of your overall work record reflects no previous active corrective action.

After careful consideration of the matter and because of the seriousness of this incident, I am recommending that you be demoted to the classification of Correctional Officer II.

It is appropriate to convene a hearing under the provisions of AR 208 to receive my recommendation for demotion. The Hearing Officer will also consider your overall work record and length of service, as well as any information you present.

You will appear at a hearing to be scheduled at a later date. You may have someone to represent you at your own expense. You may present information on your behalf and witnesses who have direct knowledge of the incident(s) resulting in this hearing. Character and multiple witnesses making the same statement are generally not allowed.

**Annex C to AR 208 (Page 1 of 2 Pages)**

AR 208— June 14, 2005

The ADOC Commissioner will receive and review the recommendation of the Hearing Officer, but is not bound by the recommendation. If the Commissioner approves your demotion, a letter will be forwarded to you and the State Personnel Director regarding the effective date of demotion. You will also be notified in writing if the demotion is not approved.

You may choose to waive the hearing by completing ADOC Form 208-D at any time prior to the convening of the hearing and accept the demotion, subject to approval by the ADOC Commissioner.

Employee acknowledgement of receipt: _____  _____  _____
                                           SIGNATURE              DATE           TIME


                                    Witness:_____


DISTRIBUTION:
Original – ADOC Personnel Division
Copy – Institutional/Divisional File
Copy - Employee


**Annex C to AR 208 (Page 2 of 2 Pages)**

AR 208–- June 14, 2005

SAMPLE:  NOTICE OF PRE-DISMISSAL CONFERENCE

**MEMORANDUM**

TO:  EMPLOYEE

FROM:  WARDEN/DIVISION HEAD

SUBJECT:     Notice of Pre-Dismissal Conference

On March 24, 2005, it was reported that you assaulted another employee with a weapon.  This threat was made in the presence of two other employees and several inmates.

Your actions constitute violations of the following portion of ADOC Administrative Regulation 208, Employee Standards of Conduct and Discipline.  You were informed of these standards, and a copy of the regulation is posted on the bulletin board.

> (Select the appropriate reference(s) in Administrative Regulation 208 that pertain to the incident and place here in numerical order.)

In determining the appropriate corrective action, I have considered the following ADOC reference(s):

> (Select the most appropriate offense(s) in Administrative Regulation 208 and assign a penalty.)

A review of your record of performance reflects the following active and inactive corrective actions:

> (List all previous (active and inactive) disciplinary actions here in numerical order, if no previous disciplinary actions please state.)

In accordance with Administrative Regulation 208, I have scheduled a pre-dismissal conference in my office on _____.     This dismissal conference is for the purpose of allowing you to present information to me regarding the action under consideration; i.e., a chance for you to "tell your side of the story". You may present written statements of witnesses or any other information regarding these charges.  You may, at your own expense, have representation present at this conference, but only as an observer, not a participant.

You may voluntarily resign in lieu of dismissal.  However, it is highly probable that you will not be recommended for re-employment with the Department of Corrections.

Call this office if you have any questions.

Employee acknowledgement of receipt: _____  _____  _____
                                                        SIGNATURE                DATE              TIME

Witness:_____

Annex D to AR 208

AR 208-- June 14, 2005

**SAMPLE: SUMMARY OF PRE-DISMISSAL CONFERENCE**

M E M O R A N D U M

TO:    Commissioner

FROM: Warden/Division Head


On _____, I served the attached Notice of Intent to Recommend Dismissal on
        (Date)


_____.
        (Employee's Name)

On _____, at _____,    Mr./Mrs.
            (Date)                              (Time)
_____and I met in my office at _____.
    (Employee Name)                                    (Location)

Summary of the defense submitted by the employee:



_____
    Presenting (Charging) Official


Warden/Division Director Recommendation:



_____                    _____
_____                        Telephone Number

_____
    Employee Name and Address


DISTRIBUTION:
Original -- ADOC Personnel Division
Copy -- Institutional/Divisional File
Copy - Employee

**Annex E to AR 208**

AR 208-- June 14, 2005

## SAMPLE:  RESIGNATION FROM EMPLOYMENT

In accordance with Department of Corrections Administrative Regulation 208, I do hereby waive my rights to a Pre-Dismissal Conference and resign my employment with the Alabama Department of Corrections effective immediately.

This resignation is not made as a result of any coercion, duress, threat, or promise.  I was offered a pre-dismissal conference under the provisions of Department of Corrections Administrative Regulation 208.

I understand that with this voluntary resignation it is highly probable that I will not be recommended for re-employment with the Department of Corrections.

_____
                         SIGNATURE AND DATE

Sworn to and subscribed before me this the _____ day of _____.

_____
Notary Public
My Commission Expires: _____

DISTRIBUTION:
Original – ADOC Personnel Division
Copy – Institution/Division File
Copy - Employee

**Annex F to AR 208**

AR 208--- June 14, 2005

### SAMPLE: JOB ABANDONMENT LETTER

Officer John Doe
2121 Water Street
Birmingham, AL 35612

Dear _____:

Attendance reports reflect that you were not at work for three (3) consecutive days, March 24-27, 2005. You were not on approved leave, and we did not receive any notification of your absence. There has been no supervisory contact relative to your work status. This constitutes job abandonment as defined by the State of Alabama Personnel Department for which dismissal is appropriate.

You have seven (7) calendar days from the date of this letter to provide information to this office that may preclude dismissal action.

Sincerely,

Warden _____

_____Correctional Facility

DISTRIBUTION:
Copy - ADOC Personnel Division
Copy - Institution/Division File

**Annex G to AR 208**

AR 208-- June 14, 2005

| Infraction | 1st Offense | 2nd Offense | 3rd Offense | 4th Offense |
|---|---|---|---|---|
| 1. Minor violations of Departmental or Institutional rules, policy, procedure that do not result in serious consequences | Warning | Written Reprimand | 2 days suspension | Dismissal |
| 2. Non-compliance with policies, procedures, and regulations | Warning | Written Reprimand | 2 days suspension | Dismissal |
| 3. Abuse or misuse of equipment, not causing damages | Warning | Written Reprimand | 2 days suspension | Dismissal |
| 4. Conviction of a minor traffic offense while driving a state or public use vehicle | Warning | Written Reprimand | 2 days suspension | Dismissal |
| 5. Unauthorized use of telephones, bulletin boards, or other state property | Warning | Written Reprimand | 2 days suspension | Dismissal |
| 6. Participation in unauthorized activity of a minor nature at the work place | Warning | Written Reprimand | 2 days suspension | Dismissal |
| 7. Late for work (tardiness)/Failure to follow proper call-in procedure | Warning | Written Reprimand | 2 days suspension | 3 days 5th - 5 days 6th - 10 days 7thDismissal |
| 8. Failure to report to work (unexcused absence) | 2 days suspension | 3 days suspension | 5 days suspension | Dismissal |
| 9. Refusal to sign performance appraisal or other ADOC official documents | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 10. Failure to perform job properly, not resulting in actual consequences | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 11. Failure to follow supervisor's instructions; non-compliance with policies and procedures | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 12. Leaving assigned post and/or work station before the end of the shift/work day without permission from proper authority or proper relief and no serious consequences occur. | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 13. Disagreeable behavior, including lack of cooperation and insubordination | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 14. Failure to immediately report to proper authority (supervisor) the violation of any rule, practice, or policy that results in minor consequences | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 15. Violation of safety/security regulation /procedures when the consequences are serious, but consequences do not occur. | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 16. Inattention to the job | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 17. Taking into any ADOC facility any article, item, or property which is not authorized by regulation, or without the approval of the Warden/Director | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 18. Serious violations of rules, policies, procedures, regulations, laws, or reasonable conduct expectations | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 19. Misuse of state equipment or supplies resulting in loss or damage | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 20. Use of abusive, profane, or threatening language to other employees, inmates, or the public | Written Reprimand | 2 days suspension | 5 days suspension | Dismissal |
| 21. Refusal of a supervisor's instruction to remain on duty during a shortage of personnel | Written Reprimand | 5 days suspension | 10 days suspension | Dismissal |
| 22. Failure to immediately inform and provide a written report to the Warden/Director or his/her designee, concerning any incident of arrest, conviction, or when required to appear as a defendant in any criminal court except minor traffic violations. | Written Reprimand | 5 days suspension | 20 days suspension | Dismissal |
| 23. Abusive or misuse of authority, including but not limited to departmental property and/or ADOC identification cards/items. | Written Reprimand | 15 days suspension | Dismissal | |
| 24. Leaving assigned post and/or work station before the end of the shift/work day without permission from proper authority or proper relief, resulting in actual consequences. | 5 days suspension | 15 days suspension | Dismissal | |
| 25. Fighting, assault, physical violence or disruptive behavior | 5 days suspension | 15 days suspension | Dismissal | |

Table of Infractions/Level of Discipline - Annex H to AR 208 (page 1 of 2)
AR 208 – June 14, 2005

| Infraction | 2 days suspension | 5 days suspension | 15 days suspension | Dismissal |
|---|---|---|---|---|
| 26. Sleeping or giving the appearance of sleeping on duty | 2 days suspension | 5 days suspension | 15 days suspension | Dismissal |
| 27. Abusive or excessive physical force in dealing with inmates | 5 days suspension | Dismissal | | |
| 28. Harassment or discrimination as defined in Administrative Regulation 206 | 5 days suspension | Dismissal | Dismissal | |
| 29. Failure to report violation of safety/security rules that result in injury to persons or significant damage to property. | 10 days suspension | 20 days suspension | Dismissal | |
| 30. Conduct that is disgraceful, on or off the job that does adversely affect an employee's effectiveness on the job | 10 days suspension | 20 days suspension | Dismissal | Dismissal |
| 31. Borrowing/receiving money, or other items from, giving money/items to inmate(s) or inmate family members, corresponds with an inmate, or an inmate's family, in any capacity that is not officially required and in the line of duty. | 20 days suspension | Dismissal | | |
| 32. Theft or unauthorized possession of ADOC or another individual's property | Dismissal | | | |
| 33. Tampering with a drug screen sample or any similar action that may invalidate or falsify the results | Dismissal | | | |
| 34. Violations of Code of Alabama, Title (Sexual Misconduct Statute) | Dismissal | | | |
| 35. Refusal to submit to an alcohol/drug screening | Dismissal | | | |
| 36. Possession of illegal drugs or appositive drug screen. | Dismissal | | | |
| 37. Reporting to work under the influence of illegal substances and/or drugs | Dismissal | | | |
| 38. Failure to meet APOSTC certification and maintain standards | Dismissal | | | |
| 39. Gross negligence that allows inmate(s) to escape | Dismissal | | | |
| 40. Refusal to submit to a personal search, or search of personal property, or vehicle on institutional property, when required by proper authority | Dismissal | | | |
| 41. Giving false information or verbal/written statement in connection with employment, an investigation or injury | Dismissal | | | |
| 42. Deliberate breach of security that may result in escape or riot | Dismissal | | | |
| 43. Conviction of a felony that disqualifies the employee in the job classification in which employed | Dismissal | | | |

Table of Infractions/Level of Discipline - Annex H to AR 208 (page 2 of 2)

AR 208 – June 14, 2005